THE STATE ex rel. MOBERLY SPECIAL ROAD DISTRICT, Appellant, v. G. R. BURTON et al., Judges of County Court, Appellants.

Division Two, February 15, 1916.

1. **CONSTITUTIONAL STATUTE: Implied Legislative Limitation.** An implied limitation on the Legislature's power to enact a certain statute must be so clear and unmistakable as to make possible no other reasonable construction of the language used than that the power to enact the statute does not exist. A possible inference of its non-existence is not sufficient.

2. **————: ————: Twenty-five Cent Road Tax: Expended by County Court.** The provision of section 11 of article 10 of the Constitution authorizing the county court to levy and collect a tax of not more than twenty-five cents on each hundred dollars' valuation, to be used for road and bridge purposes, and for no other purpose whatever, does not give the county court exclusive power to expend the fund, and does not contain a limitation upon the power of the Legislature to authorize the money so raised to be expended by the commissioners of a special road district so clear and unmistakable as to justify the conclusion that such power does not exist.

3. **————: ————; Expended by County Court: Administration of County Affairs.** Section 10482, Revised Statutes 1909, as amended (Laws 1913, p. 669), providing for the apportionment by county courts of taxes collected for road purposes within certain special road districts, is not unconstitutional on the theory that the Constitution created county courts to transact the business of the counties and vested them with express jurisdiction to construct and repair roads, even though it contains an implied limitation that the road tax fund be expended under the direction of those courts.

4. **————: Legislature: Power of Taxation: Instrumentalities.** The power to tax and to appropriate taxes is vested in the Legislature, and may be exercised within its discretion when

not violative of an express provision of the Federal or State Constitution, and that power, in the absence of such restrictions, extends to a determination of the time, the amount, the nature and the purpose for which the tax is to be levied, and the creation of the agencies or instrumentalities for its collection and disbursement.

5. ———: Class Legislation: Special Road Districts. Sections 10594 and 10591, Revised Statutes 1909 (repealed and reenacted in 1913, Laws 1913, pp. 674, 675), are not unconstitutional as class legislation. They apply to all road districts which may be organized as bodies corporate and are conducted in conformity with their provisions.

6. ———: ———: ———: Indefinite Territory. The fact that much or little of the territory of the county may be included in a special road district does not render invalid the statutes authorizing their organization.

7. ———: Special Road Districts: Public Purpose. Taxes expended by a special road district on public highways are used for a public purpose.

8. ———: ———: Uniform Taxation. Special road district statutes operate alike upon all persons within the district, and do not violate the rule for uniformity of taxation.

9. ———: ———: Collection of Taxes Within Cities. The statutes, in authorizing the levy and collection of taxes in special road districts outside of cities, do not violate that part of section 10 of article 10 of the Constitution which forbids the Legislature to impose taxes and appropriate money levied and collected by city authorities to uses and purposes outside of such cities.

10. ———: ———: Lending Credit, Etc. The statutes creating and governing special road districts do not violate sections 46 and 48 of article 4 of the Constitution which prohibit the Legislature from granting public money to individuals, or municipal or other corporations, and from authorizing any municipality or other political corporation from lending its credit in aid of any individual or corporation.

11 ———: ———: Maximum Rate of Taxation. Special road districts are not included within the provisions of sections 11 and 12 of article 10 of the Constitution which fix the maximum rates of "taxes for county, city, town and school purposes."

Appeal from Randolph Circuit Court.—*Hon. A. H. Waller*, Judge.

AFFIRMED.

*Willard P. Cave* for relator.

(1)    The law passed by the General Assembly, authorizing and directing the payment of special road and bridge funds to the incorporated special road district is valid, and within the legal rights of the Legislature to enact such law. Sec. 10482, R. S. 1909, as amended by Laws 1913, pp. 669, 670; Harris v. Bond Co., 244 Mo. 664; State ex rel. v. Sheppard, 192 Mo. 506; State ex rel. v. Warner, 197 Mo. 656; Ex parte Roberts, 166 Mo. 212; Cass County v. Jack, 49 Mo. 196; Dillon on Municipal Corporations (5 Ed.), sec. 92, p. 142, sec. 108, p. 181; Williams v. Eggleston, 170 U. S. 310; Elting v. Hickman, 172 Mo. 237; State ex rel. v. County Court, 128 Mo. 427; Road District v. Embree, 257 Mo. 593. (2) The amendment of the Constitution in 1908 (Sec. 22, art. 10) does not limit the power of the Legislature to designate the agency through which the taxes collected shall be expended, provided same are used for the purposes limited in the constitutional amendment; in other words, the constitutional limitations are merely upon the uses and purposes to which the special fund may be put, and is not a limitation upon the power of the Legislature to designate the agency through which such uses and purposes shall be accomplished. Elting v. Hickman, 172 Mo. 237; Harris v. Bond Co., 244 Mo. 687. (3) The discretionary power to levy the taxes is vested in the county court, but the appropriation of the funds derived therefrom is not the county's business. Railroad v. Marion Co., 36 Mo. 303; State v. County Court, 34 Mo. 546; Barton County v. Walser, 47 Mo. 189; Ray County v. Bentley, 49 Mo. 236; Express Co. v. St. Joseph, 66 Mo. 680; Glasgow v. Rouse, 43 Mo. 479; Railroad v. State Board of Equalization, 64 Mo. 294; 37 Cyc. 724; Thomas v. Gay, 169 U. S. 264. (a) The taxing power is not granted by the Constitution, but is inherent in the Legislature. Unless the Consti-

State ex rel. v. Burton.

tution expressly forbids the Legislature has the absolute power to assess property and levy taxes, and provide the general scheme by which to carry out such purpose. In re Sanford, 236 Mo. 684. (b) Since there are no constitutional restraints placed upon the Legislature, the State has the power to create such agencies as the Legislature may deem fit and proper for the collection of its revenue. In re Sanford, 236 Mo. 684; St. Louis v. McCann, 157 Mo. 307. (4) The act of the General Assembly of 1913, being the amendment to section 10482, which requires the counties in which there is a special road district to pay such districts the funds raised from the property in such districts, by virtue of a levy of taxes, under section 22, article 10, of the Constitution, is not in conflict with the constitutional provision, and is a valid act of the Legislature. Express Co. v. St. Joseph, 66 Mo. 680; Elting v. Hickman, 172 Mo. 237; State ex rel. v. County Court, 128 Mo. 427; Harris v. Bond Co., 244 Mo. 664; Road District v. Embree, 257 Mo. 593.

*Jerry M. Jeffries* for respondents.

(1) Any law passed by the General Assembly authorizing or directing the payment of public funds secured by taxation to an incorporated special road district, is in violation of the Constitution and void. Constitution, art 9, secs. 46 and 47; State ex rel. v. St. Louis County, 142 Mo. 575; State ex rel. v. St. Louis, 216 Mo. 89; State v. Curators, 57 Mo. 178. (2) The funds derived from the levy made under section 22 of article 10 of the Constitution are public funds collected for a special purpose. Green City v. Martin, 237 Mo. 274; State ex rel. v. County Court, 142 Mo. 576. (3) The levy of taxes and the appropriation of the funds derived therefrom is the county's business. An act of the General Assembly which requires the county court to pay a part of a fund collected for a particular purpose to the commissioner of a special

road district, is void because it takes from the county court its constitutional right to transact all county business.  Constitution, art. 6, sec. 36; State ex rel. v. Shepherd, 177 Mo. 205. (4) All of the county must be under township organization or none.  To so organize requires a vote of the people of the entire county.  Constitution, art. 19, sec. 8.  (5) Constitutions are instruments of practical nature to be construed with the help of common sense to carry out the intent.  In construing them it is proper to consider the consequence of the proposed construction, the circumstances and conditions of the people who adopted them.  State ex rel. v. Callegin, 172 Mo. 129;  State ex rel. v. County Court, 34 Mo. 549;  Railroad v. Evans, 85 Mo. 370;  Kenefick v. St. Louis, 127 Mo. 1;  Water Co. v. City of Lamar, 128 Mo. 188;  Test Oath Cases, 41 Mo. 188.  (6) Under the Constitution, article 10, section 12, the counties are required to keep within the revenues of each year, with their expenditures of that year.  Andrew County ex rel. v. Schell, 135 Mo. 38;  Trask v. Livingston County, 210 Mo. 582.  (7) The act of the General Assembly of 1913 requires the counties of this State in which there is a special road district, to pay to such special district the funds raised from the property in such special district by virtue of a levy of taxes under section 22 of article 10 of the Constitution, and Sec. 10482, R. S. 1909, is in conflict with such section of the Constitution and void.  State ex rel. v. St. Louis County, 34 Mo. 548;  Railroad v. Evans, 85 Mo. 370;  Kenefick v. St. Louis, 27 Mo. 1;  Water Co. v. City, 128 Mo. 188;  Hamilton v. St. Louis, 15 Mo. 3;  Green City v. Martin, 237 Mo. 477;  State v. Curators, 57 Mo. 178;  State ex rel. v. St. Louis, 216 Mo. 94;  State ex rel. v. Everett, 245 Mo. 706;  Lamar v. City of Lamar, 169 S. W. 12.

WALKER, J.—The city of Moberly and contiguous territory in Randolph County for a distance of

four.miles in each direction from said city, was, under the authority of sections 10576-10586, Revised Statutes 1909, as amended by Laws 1911, p. 370, organized as a body corporate, to be thereafter designated as the "Moberly Special Road District." This action by mandamus was brought in the circuit court of said county by the State at the relation of said road district as plaintiff against the judges of the county court of Randolph County as defendants, to compel the latter to pay over (under the provisions of Sec. 10482, R. S. 1909, as amended by Laws 1913, p. 669) to said road district all money arising from a twenty-five-cent levy for road and bridge purposes collected on the property within said district. The levy, however, was made upon all the property of the county. The total fund collected in said district under said levy for road and bridge purposes, was $9334.60. In anticipation of the revenue to be derived from said twenty-five-cent levy, defendants had caused work to be done and debts to be contracted for roads and bridges over the entire county and had issued warrants therefor.

Upon a hearing on the application for the writ of mandamus the circuit court found that defendants had issued warrants in said district for $3303.90 for work done therein, and it was ordered that they pay or issue warrants to plaintiff in the sum of $6030.70, or the balance remaining in the county treasury which had been collected in said district under the twenty-five-cent levy.

Cross appeals were perfected from this judgment, plaintiff contending that it was entitled to the entire revenue collected in said district for the preceding year for road and bridge purposes, and defendants that the statute under which the levy was made was unconstitutional and hence void.

The constitutionality of section 10482, Revised Statutes 1909, as amended (Laws 1913, p. 669), provid-

ing for the apportionment by county courts of taxes collected for road purposes within certain special road districts, is assailed by defendants on various grounds. It is first contended that this statute violates section 22 of article 10 of the State Constitution. It will be recalled that this section provides in addition to taxes authorized to be levied for county purposes (under Sec. 11, art. 10, Constitution), that the county courts of the several counties, not under township organization, and the township board of directors in counties having township organization, may levy and collect as State and county taxes are collected, a special tax of not more than twenty-five-cents on each one hundred dollars' valuation, to be used for roads and bridges, but for no other purpose whatever, and the power thus conferred on the county courts and township boards is declared to be discretionary.

Three limitations, two express and one implied, say defendants, are found in this section; the first is as to the rate, the second as to the application of the tax when collected, and the third (which defendants say is implied) that the tax must be expended under the direction of the county court over the entire county.

As to defendants' contention in regard to the first and second limitations, there is no question, the Constitution in this regard being express and unequivocal. As to the third, it may be conceded as a general proposition that under section 36 of article 6 of the State Constitution county courts are created for the transaction of county business and express jurisdiction is given them in this regard, but it must be borne in mind, despite this provision, that our organic law is not like the Federal Constitution, a grant of power, but is simply a limitation upon power which the Legislature otherwise possesses. [McGrew v. Railroad, 230 Mo. 496; State ex rel. v. Sheppard, 192

**Implied Legislative Limitation.**

Mo. 497; State ex rel. v. Warner, 197 Mo. 650; Glasgow v. Rowse, 43 Mo. 479.] Broadly stated, therefore, the Legislature may enact any law which does not contravene the Federal or State Constitution, and in its interpretation, the courts will hold it valid unless its unconstitutionality is manifest and exists beyond a reasonable doubt. [State v. Buente, 256 Mo. 227; Board of Com. v. Peter, 253 Mo. l. c. 530; Harris v. Bond Co., 244 Mo. 664; State ex rel. v. County Court, 128 Mo. 427.] The admitted implied existence of the third limitation renders it necessary for same to be so clear and unmistakable as to leave no other reasonable construction than that insisted upon by defendants, otherwise their contention cannot be maintained. [Board of Com. v. Peter, 253 Mo. l. c. 530.]

It is only upon the assumption that the entire business of the county must be conducted by the county court and that the Legislature cannot provide otherwise, that any basis can be found for defendants' contention as to the third limitation. No words in the section authorize it. Consequently it is not such a clear and unmistakable implication as would, under the rule, authorize an affirmative conclusion as to its existence in harmony with defendants' contention, but on the contrary, it is simply an inference. Constitutional provisions cannot be construed by inferences, especially when it is sought by such construction to render a legislative enactment invalid. In thus construing the section of the Constitution under consideration, we are not unmindful of the fact that it contains restrictive language, but the purpose of this language is unmistakable and is expressly limited to the amount of the levy on each $100 valuation, and the purpose for which the tax is to be used, and not to the officials or body corporate by which it is to be expended. We are not impressed, therefore, with the soundness of defendants'. reasoning in so construing section 22, article 10, of the Constitution, as to con-

fine the disbursement of the taxes therein authorized
to the county courts of the respective counties, the ef-
fect of which would be to render invalid section 10482,
Revised Statutes 1909, as amended.

A fitting supplement to what has been said, and
one of the primary principles underlying the system
of taxation, is the fact that the inherent power to tax
and to appropriate taxes is vested in the Legislature
(Art. 10, Constitution) and may be exer-
Power of cised within its discretion when not viola-
Taxation. tive of an express provision of the Federal
or State Constitution. [Hann. & St. J. R. R. Co. v.
State Board, 64 Mo. 294.] The comprehensiveness of
this power, in the absence of the restrictions indicated,
extends to the determination of the time, the amount,
the nature and the purpose for which the tax is to be
levied. [In re Sanford, 236 Mo. l. c. 684; 37 Cyc. 724,
and cases.] The legislative power to tax being inher-
ent, the creation of agencies or instrumentalities for
the levy, collection and disbursement of such taxes
follows as a necessary consequence, and hence the
right of the Legislature to enact a law delegating, in
this case, the disbursement of the taxes collected to
a board of commissioners of a special road district, is
not an improper exercise of such power.

In addition to assailing the validity of section
10482, as amended (Laws 1913, p. 669), as being in
conflict with section 22 of article 10 of the State Con-
stitution, defendants claim that section
Class 10594, Revised Statutes 1909, as repealed
Legislation. and re-enacted in 1913 (Laws 1913, p.
675), concerning, among other things, funds to be
used in special road districts and the apportionment
by county courts of county taxes for road and bridge
purposes upon property within such special road dis-
tricts, and section 10591, Revised Statutes 1909, as re-
pealed and re-enacted in 1913 (Laws 1913, p. 674),
providing, among other things, that boards of commis-

sioners in special road districts may contract for the building, repair and maintenance of bridges and culverts in such districts and that county courts may in their discretion assist in same, are each, as well as section 10482 as amended, invalid as special legislation.

The particular provisions of the Constitution (Sec. 53, art. 4) prohibiting this character of laws are not pointed out. The Constitution does not prohibit local or special laws in all cases, such laws being forbidden only upon the subjects named in the Constitution or where a general law could have been made applicable (State ex rel. v. Speed, 183 Mo. 186). What are general laws as meant by the Constitution has been frequently determined. It is held generally that a statute is not special or class legislation if it applies to all alike of a given class, provided the classification is not arbitrary. [Miners' Bank v. Clark, 252 Mo. 20; State ex rel. v. Taylor, 224 Mo. 393.] Applying this rule to the statutes under review, we find from their terms that they apply alike to all road districts in the State which may be organized as bodies corporate and are conducted in conformity with the provisions of these acts. It does not matter whether much or little of the territory of a county is included in the districts thus organized; the test of validity being, is the class created by these acts not arbitrary, and is each of the districts subject to and governed by these statutes? If so, then they are not inimical to the constitutional provision in regard to special or class legislation. In our opinion they comply with the requisites of general laws and should be so construed. We so held in construing a similar statute in Elting v. Hickman, 172 Mo. 1. c. 256, and in State ex rel. v. County Court, 128 Mo. 427.

There is no merit in the contention that the acts referred to are violative of that constitutional provi-

sion (Sec. 3, art. 10, Constitution) which prohibits the Legislature from appropriating pub-

**Appropriation of Public Money.** lic money for private purposes. These statutes were enacted to authorize the construction and provide for the maintenance of highways, which are for the use and benefit of the public, and under no rule of construction can the appropriation of money for this purpose be considered a private one.

It is also urged that the provision of our organic law requiring uniformity in taxation is violated by these statutes. We have adverted to the power of the Legislature in regard to taxation; with

**Uniform Taxation.** it rests the mode of levying, collecting and disbursing taxes. Therefore, where statutes relative thereto operate alike upon all persons within a certain defined district or subdivision of the State, for example these special road districts, and the taxes authorized are for the benefit of the inhabitants thereof, as well as the general public, they are not open to the objection of non-uniformity in taxation.

Under section 10, article 10, of the Constitution, the Legislature is forbidden to impose taxes and appropriate money levied and collected by city authorities to uses and purposes outside of such

**Taxes for City Purposes.** cities. It is claimed that the statutes under review, in authorizing the levy and collection of taxes in these special districts outside of such cities, violate this constitutional provisio. It is held to the contrary in Elting v. Hickman, 172 Mo. l. c. 258, on the ground primarily of the plenary power of the Legislature in the absence of express constitutional inhibitions, and secondarily, and as a practical reason, the interest of such cities in the improvement and maintenance of the roads leading thereto.

266Mo.46

It is further claimed that section 46 of article 4 of the Constitution prohibiting the Legislature from granting public money to individuals, municipal or other corporations, and section 47 of article 4 of the Constitution prohibiting the Legislature from authorizing any municipality or other political corporation from lending its credit in aid of any individual or corporation, are violated by the statutes under consideration. These statutes do not grant or authorize the granting of public money or thing of value to any individual, association, municipal or other corporation, and they are therefore not violative of section 46 supra. [State ex rel. v. County Court, 128 Mo. 427.] Nor do the acts authorize any subdivision of the State now existing or that may be established to lend its credit or grant public money or thing of value in aid of any person, firm or corporation. Section 47, supra, is, therefore, not violated. This has been fully determined in Elting v. Hickman, supra, in which the statute there under review is, in all of its essentials, similar to these at bar.

*Lending Credit, etc.*

It is urged that the acts in question are in violation of sections 11 and 12 of article 10 of the Constitution, which fix the limit of tax rates in the various counties. The limitations of said sections are confined by their express terms to "taxes for county, city, town and school purposes." There is no authority for including road districts therein. We have held that they are not to be so included. [Lamar W. & El. Light Co. v. Lamar, 128 Mo. l. c. 216; Harris v. Bond Co., 244 Mo. 664.]

*Maximum Taxation.*

The power of the Legislature in the creation of municipalities and public corporations of every description is not only absolute but unlimited in the absence of constitutional inhibitions. In the presence of this power we must presume that in the creation of the special road districts the Legislature deemed them necessary, expedient and in the public interest. Thus

formed, authority exists as a necessary consequence of legislative power, to provide means for their perpetuation or maintenance or their change or abolition, as in the wisdom of the Legislature seems best. [Harris v. Bond Co., 244 Mo. 664.]

In view of all of the foregoing, we hold that the statutes in question do not, within the meaning of the Constitution, authorize the granting of public money to a corporation, nor do they interfere with the transaction of a county's business required to be exclusively performed by a county court, nor do they involve a going into debt by counties as prohibited by the Constitution or authorize the expenditure of public money for another purpose than that for which it was collected, nor conflict with either the letter or spirit or the intent and purpose of section 22 of article 10 of the Constitution of this State.

From all of which it follows that the judgment of the circuit court is affirmed, and it is so ordered. *Faris, P. J.,* concurs; *Revelle, J.,* not sitting.