THE STATE ex rel. GREENE COUNTY, Appellant, v. J. J. GIDEON, Mayor, and E. F. JAMES et al., Commissioners.

In Banc, March 15, 1919.

1. **CONSTITUTIONAL LAW: Title: Defeating Purpose of Original Act.** Although the title to an act states that its purpose is to amend a certain section of a preceding act by repealing a certain subdivision thereof and enacting a new subdivision in lieu of it, yet if the new enactment is in diametrical conflict with the previous subdivision and engrafts upon the original act matters not germane thereto, the title is insufficient. Such act is such a departure from the original act as to make necessary a specific mention in the title of the new matters not germane thereto.

2. ———: ———: ———: **City of Second Class: Dramshop Tax.** Subdivision Fortieth of Section 8 of the Act of 1913 providing a commission form of government for the cities of the second class declared that such cities shall "have the exclusive power to restrain, suppress, regulate, license and tax dramshops." The title to the Act of 1917 said it was an act to amend said Section 8 "by repealing Subdivision Fortieth of said act and enacting a new subdivision in lieu thereof;" and new Subdivision Fortieth declared that such cities shall "have the exclusive power to define, regulate, restrain, suppress, license and tax dramshops: *Provided* that for every dramshop license issued by a city of the second class it shall pay to the State the sum of $400 per annum in quarterly installments; to the county, for county purposes, the sum of $400 per annum in quarterly installments; and to any special road district in which said city may be located $550 per annum, in quarterly installments, and the balance shall be paid

into the treasury of such city, for municipal purposes." *Held*, that, whether the amendment taxes a city for the benefit of the State, county and road district or makes such city their agent for the collection of the tax, it is so far a departure from and an engrafting upon the original act of matters not germane thereto as to require specific mention of such a purpose in its title; and said amended act is in violation of that section of the Constitution which declares that "no bill shall contain more than one subject, which shall be clearly expressed in its title."

Appeal from Greene Circuit Court.—*Hon. Guy D. Kirby*, Judge.

AFFIRMED.

*Warren L. White* and *Oliver J. Page* for appellant.

(1)  Of the two conflicting provisions of the Act of 1917, the one which provides for the payment to county of the fixed sum of $400 is the law, because, first, it is the last in order.  Second, it was put into the act as an amendment after the introduction of the bill.  State ex rel. v. Gideon, 273 Mo. 79.  Third. The condition of the existing law should be considered in construing new statutes.  Under the prior law (Laws 1915, p. 345), the State and county received nothing from dramshop licenses in Springfield, and the obvious intention of the Legislature was to remedy that defect.  State ex rel. v. McQuillin, 246 Mo. 534;  Grimes v. Reynolds, 184 Mo. 688.  (2)  The Act of 1917 does not violate Section 28 of Article 4 of the Constitution.  The distribution of funds collected by the city is clearly related to the matter of city government and is within the subject as expressed in the title.  Hannibal v. Marion County, 69 Mo. 571;  Elting v. Hickman, 172 Mo. 237;  Barnes v. Kirksville, 266 Mo. 270;  State ex rel. v. Gordon, 261 Mo. 631, 639;  State ex rel. v. Taylor, 224 Mo. 393, 468;  State ex rel. v. Clayton, 226 Mo. 292.  (3) Dramshop licenses are not taxes within the meaning of the Constitution but are an exercise of the police power.  Laws providing for licensing dramshops are

358     SUPREME COURT OF MISSOURI,

State ex rel. Greene County v. Gideon et al.

not subject to Article 10 of the Constitution, which relates to taxation. State ex rel. v. Hudson, 78 Mo. 302; State v. Distilling Co., 236 Mo. 219; Winona v. Whipple, 24 Minn. 61; State ex rel. v. Burton, 266 Mo. 712; Elting v. Hickman, 172 Mo. 237, 258. (4) The provision of the Act of 1917 that the State and county shall receive a part of the dramshop licenses collected by the city is not an unlawful grant of public money to an individual, association or corporation in violation of Sections 46 or 47 of Article 4 of the Constitution. Funds so collected do not belong exclusively to the municipality. It is competent for the Legislature to make the municipality an agent of the State for the purpose of collecting such revenue. A county is not an "individual, association or corporation" within the clauses of the Constitution forbidding a grant of public money to "any individual, association or corporation." State ex rel. v. Burton, 266 Mo. 721; State ex rel. v. Gordon, 261 Mo. 641; State ex rel. v. Taylor, 224 Mo. 468; Elting v. Hickman, 172 Mo. 253; State ex rel. v. County Court, 128 Mo. 427; Winona v. Whipple, 24 Minn. 61; State v. Spokane, 25 Pac. 903; County v. Aberdeen, 31 N. W. 735; Sibley County v. Gibbon, 131 N. W. 786; 23 Cyc. 151.

*Fred A. Moon* for respondents.

(1) The Act of 1917, Laws 1917, p. 357, is unconstitutional because it conflicts with that provision of the Constitution which reads, "No bill shall contain more than one subject which shall be clearly expressed in its title." Wolf v. Taylor, 13 So. 688; Thompson v. Luverne, 29 So. 326; Douglas v. Hays, 49 Atl. 372; State ex rel. v. Revelle, 165 S. W. 500; Williams v. R. R. Co., 233 Mo. 676; State ex rel. v. Gordon, 188 S. W. 576; Shivley v. Lankford, 174 Mo. 544; St. Louis v. Wortman, 213 Mo. 138. Courts take judicial notice of fact that the members of the Legislature, on account of the great number of bills introduced and the limited time in which they have to consider the same,

Vol. 277,     OCTOBER TERM, 1918.          359

State ex rel. Greene County v. Gideon et al.

are forced to rely on the title of the bills for informa-
tion as to their contents. State v. Rawlings, 232 Mo. 558.
Even though the subject-matter of a certain provision
of an act be germane to the subject specified in the title,
still it is not "clearly expressed in the title" if it be
misleading.     State v. Rawlings, 232 Mo. 556.     The
history of the development of the dramshop act shows
the licensing and taxing of dramshops for county and
State purposes is a power that has been consistently
vested in the county court by provisions contained in
that act. R. S. 1855 to 1909; Laws 1917, p. 317. Hence
the dramshop act had become a separate subject of our
statutory law.    Naturally then, a member of the Legis-
lature would expect to find any provision of law which
had as its purpose the fixing the amount of the State
and county dramshop license tax and providing for its
collection under a title which purported to amend the
dramshop act. and obviously not in an act the title
of which gave notice of an intention to amend an act,
providing for the government of cities.    That the latter
title would be misleading is perfectly apparent.    (2)
The Act of 1917, Laws 1917, p. 357, is unconstitutional
because violative of Sections 1 and 10 of Article 10
of the State Constitution, in this: It levies a direct tax
upon the city of $400 per year for each saloon license
issued.    That a dramshop license tax is not a tax within
the meaning of the foregoing provision of the Constitu-
tion does not preserve the constitutionality of the pro-
vision of the act in question, for the reason that the
tax is not on the dramshop, but is on the city.    In other
words, it is not a dramshop tax because not levied on
the saloon, but on the city.    Courts must not go con-
trary to the plain meaning of words even to preserve
a statute from unconstitutionality.    Austin v. Cahill,
99 Tex. 172;    Sec. 8057, R. S. 1909;    36 Cyc. 1115;
State ex rel. v. Gammon, 73 Mo. 421;    State v. Riley,
203 Mo. 187;    Henry v. Evans, 97 Mo. 55;    Martin v.
Hunter, 14 U. S. 326;    Johnson v. Railroad Co., 196
U. S. 1.    (3)    Or, if not a tax, then the Act of 1917 is

360. SUPREME COURT OF MISSOURI,

State ex rel. Greene County v. Gideon et al.

a grant of the city's money (public money) by the Legislature, contrary to Section 46 and 47 of Article 4 of the Constitution. State v. Court, 142 Mo. 575. A county is a municipal corporation. Rathbone v. Hopper, 45 Pac. 610; Ex parte Selma & G. R. Co., 45 Ala. 696; Railway Co. v. Porter, 74 Cal. 261; West Plains Tp. v. Sage, 69 Fed. 943; In Re Dowlen, 36 Minn. 430. (4) Where there is an irreconcilable conflict in meaning between two provisions of the same act, the one destroys the other and renders nugatory the act. In Re Hendricks, 57 Pac. 965.

FARIS, J.—The County of Greene, as relator, brought this action by mandamus in the Circuit Court of Greene County against the respondents herein, who constitute the mayor and the commissioners, respectively, of the city of Springfield, said city being under a commission form of government. Upon a trial *nisi* plaintiff lost, and after the conventional procedure has appealed.

The facts of the case are few and simple. In 1917 the Legislature amended a certain section of the chapter of the Revised Statutes of Missouri which governs cities of the second class, in such wise, it is averred and contended by appellant, as to require cities of the second class—such as the city of Springfield is— to pay to the county wherein such a city is located the sum of $400 per annum for every dramshop license issued. This action is brought by Greene County for the purpose of compelling respondents to audit and pay to that county the sum of $5900, which is *caeteris paribus* its proportionate part of all the dramshop license taxes which were collected by the city of Springfield during the period embraced in this controversy. Respondents havng refused to pay the above sum of $5900, which is conceded to be correct if the act under which the same is demanded is valid, Greene County instituted this action and, as stated, having lost below, has appealed.

State ex rel. Greene County v. Gideon et al.

The defenses, among others urged by respondents, as excusing their refusal to pay the amount demanded, are that the act under which appellant bottoms its demand for payment is unconstitutional. The grounds of unconstitutionality of the Act of 1917 so urged by respondent are, (a) because the act is in conflict with Section 28 of Article 4 of the Constitution, which provides that "no bill shall contain more than one subject, which shall be clearly expressed in its title"; (b) because said act violates Sections 1 and 10 of Article 10 of the Constitution, in that it levies a direct tax upon cities of the second class of $400 per year for the benefit of the county in which a city of the second class is located, for each and every saloon license issued by such city, and (c) because, if such levy of the tax aforesaid is not in fact a tax, then the Act of 1917 is a grant of the public money of the city by the Legislature to the county in which the city is located, contrary to Sections 46 and 47 of Article 4 of the Constitution of Missouri.

Other contentions, as forecast, are made, but since one of these at least has already been decided against respondent, and as in the view we take of the case mention of others is unnecessary, we content ourselves with the above recital of respondents' contentions. We think the above facts, together with such others as we shall find it necessary to refer to in our discussion of the points made in the case, will be sufficient to an understanding thereof.

Appellant bottoms its right to demand from the city of Springfield payment of the sum here in dispute upon Subdivision 40 of Section 8 of "An Act to amend an act approved on the 26th day of March, 1915, entitled, 'An act to amend section 8 of an act, approved on the 25th day of March, 1913, entitled, "An act to repeal article 3 of chapter 84 of the Revised Statutes of Missouri of 1909, with all amendments thereto, said article being entitled 'Cities of the second class,' and to enact in lieu thereof a

**Title. To Act.**

new article providing for the government of cities of the second class,'' ' by repealing subdivision fortieth of said act and enacting a new subdivision in lieu thereof.'' [Laws 1917, p. 357.]

Subdivision 40 above referred to and herein relied on by appellant as furnishing its sole right to the money demanded from respondent city, reads thus:

''Fortieth.—To have the exclusive power to define, regulate, restrain, suppress, license and tax dramshops and to revoke dramshop licenses, and to regulate and control the giving or selling of intoxicating liquors at any place or places in such cities: *Provided* that for every dramshop license issued by a city of the second class it shall pay to the State the sum of $400 per annum in quarterly installments; to the county, for county purposes, the sum of $400 per annum in quarterly installments; and to any special road district in which said city may be located $550 per annum in quarterly installments, and the balance shall be paid into the treasury of such city, for municipal purposes. *Provided, further,* that no special road district within which such county [city] may be located shall be entitled to any part of the amount paid by such city to the county.'' [Laws 1917, sec. 8, p. 367.]

It is clear that appellant is entitled to the money demanded and should prevail, if Subdivision Fortieth is valid. But respondent, admitting so much, urges that for numerous reasons said subdivision is invalid, becaue its provisions are in irreconcilable conflict with other provisions of the amended act, and because both its title and contents offend against express provisions of the Constitution.

In the view which we are constrained to take of this case we need burden the books with but one of respondents' contentions touching the unconstitutionality of the act. That one is that ''it conflicts with that provision of the Constitution which reads: 'No bill shall contain more than one subject, which shall be clearly expressed in its title.' '' [Section 28, Art.

4, Const.] Whether this contention is well taken may be demonstrated by a reference to the legislative history and career (the latter of which must be conceded to have been a veritable "Comedy of Errors") of said Subdivision 40.

In 1913 the Legislature passed an act entitled: "An Act to repeal article 3 of chapter 84 of the Revised Statutes of Missouri of 1909, with all amendments thereto, said article being entitled, 'Cities of the second class,' and to enact in lieu thereof a new article providing for the government of cities of the second class." [Laws 1913, p. 420.] The above act contained in Section 8 thereof a subdivision numbered Fortieth, which, setting forth some of the powers of a city of the second class, read *in full*, thus: "Fortieth. To have the exclusive power to restrain, suppress, regulate, license and tax dramshops, and to revoke dramshop licenses." [Laws 1913, p. 434.]

In 1915 the Legislature undertook to modify the thoroughgoing and exclusive power of licensing and taxing dramshops, which was conferred upon cities of the second class pursuant to the above quoted provisions of the Act of 1913, supra, by an amendment which added to said Subdivision 40 certain further provisions designating the manner in which the money derived from licenses and taxes on dramshops should be divided [Laws 1915, p. 353.] The latter provision was by this court declared unenforceable, for that no method or means was provided "to fix what part of the dramshop license shall be paid to the State and county, or to designate a means by which that part can be ascertained." [State ex rel. v. Gideon, 273 Mo. 79.]

Thereafter in 1917, as we state above, the act now before us in the instant case was passed by the Legislature. [Laws 1917, p. 357 et seq.] Obviously, this was done in an effort to correct the omission in the Act of 1915 pointed out by us [State ex rel. v. Gideon, supra.] In the beginning of our discussion we set forth in full both the title to the Act of 1917, and Subdivision

40 thereof, herein relied on. Even a casual examination of the title to this amendatory act shows that it makes no reference to the fact that it attempts to provide for the payment, by all cities of the second class to the county where such a city is located, of the sum of four hundred dollars per year for each and every dramshop which such a city may see fit to license. Obviously such a provision is in diametrical conflict with the provision of the Act of 1913, whereby cities of the second class were given exclusive power to license and tax dramshops. For if, as the provisions of said Subdivision 40 now require the county in which a city of the second class is located is to collect from such city the sum of four hundred dollars per year, and the State the further sum of four hundred dollars, and special road districts, if such there be, the further sum of five hundred and fifty dollars, but little is left of the so-called exclusive power to tax and license which the original act conferred upon cities of the second class. For while ostensibly possessing exclusive power to tax and license dramshops and to fix the rates thereof, this power is by the amendment curtailed by the necessity of fixing the license tax at not less than $1350 per year. It is too plain for argument that an amendment which thus, either taxes a city for the benefit of the county, State and special road district on each dramshop license which it issues, or makes such a city the agent of the county, State and special road district for the collection of licenses and taxes on dramshops, is (to say no more) so far a departure from and an engrafting upon the original act of matters not germane thereto as to require specific mention of such a purpose in the title of the act. [State ex rel. v. Revelle, 257 Mo. 529; Williams v. Railroad, 233 Mo. 676; Shively v. Lankford, 174 Mo. l. c. 544; Wolf v. Taylor, 13 So. 688; Thompson v. Luverne, 29 So. 326; State ex rel. v. Gordon, 233 Mo. 383; State v. Parker Distilling Co., 236 Mo. 219.] This was not done and we think the contention of respondents that the title to

the Act of 1917, Laws 1917, p. 357, is violative of Section 28 of Article 4 of the Constitution is well taken and should be sustained.

Other grounds of alleged unconstitutionality of the act under consideration are urged, some of which may well prove to be well-taken. But since the point discussed disposes of the whole case, no occasion arises to lengthen our views by a discussion of other points, even though such may seem upon a merely casual view to be well-founded. It results that the case must be affirmed. Let it be so ordered.

All concur except *Blair* and *Williams, JJ.,* who dissent.