STATE OF MISSOURI at the relation of MUELLER BAKING COMPANY, NAFZIGER BAKING COMPANY, a Corporation, and COLONIAL BAKING COMPANY, a Corporation, Relators, v. CHARLES A. CALVIRD, JR., Judge of the Circuit Court of St. Clair County.—92 S. W. (2d) 184.

Court en Banc, March 18, 1936.

*Arthur W. Allen, Julian E. Smith* and *Paul W. Barrett* for relators.

*Lee E. Crook* and *John M. Belisle* for respondent.

COLLET, J.—This is an original proceeding by prohibition whereby it is sought to prohibit respondent, as judge of the Circuit Court of St. Clair County from taking further action in a certain cause wherein Pricer's Cash Market is plaintiff and relator herein are defendants. The facts necessary to an understanding of the points involved are substantially as follows:

Pricer's Cash Market is a general grocery store located in Osceola, St. Clair County, Missouri. Prior to an undisclosed date in May, 1935, it was handling bread and pastry products manufactured and sold by relators. The relator, Nafziger Baking Company is a Missouri corporation maintaining its principal place of business and office for the transaction of its usual and customary business in the city of Springfield, Greene County, Missouri. The relator, Colonial Baking Company is a Delaware corporation authorized to transact business in the State of Missouri and maintains an office for the transaction of its usual and customary business in the city of Springfield, Greene County, Missouri. The relator, Mueller Baking Company, is alleged in the application for the writ to be a copartnership composed of Joseph A. Mueller and Alma A. Mueller. The return "admits" that it is a corporation. It is immaterial to which category it is assigned. It operates a baking plant also located in the city of Springfield, Greene County, Missouri. Joseph A. Mueller and Alma A. Mueller are residents of Springfield, and maintain no residence in St. Clair County. Neither of the relators have any office or place of business in St. Clair County. The petition, filed in the Circuit Court of St. Clair County, alleges that in May, 1935, relators entered into an agreement and combination to regulate, control and fix the retail price of bread in the city of Osceola and agreed to control and regulate the persons or parties to whom their bread would be sold in that city; that this agreement was put into effect with the result that the relators refused to sell any of their bread to the plaintiff because plaintiff would not agree to charge the retail price fixed by relators which was a higher price than that previously charged for the same product by plaintiff. As a result of this alleged action on the part of relators it is charged that plaintiff was forced to abandon the sale of such products to its damage in the sum of $5000. The petition was based upon Article 1, Chapter 47, Re-

vised Statutes 1929, and under the provisions thereof prayed treble damages. Summons was issued from the Circuit Court of St. Clair County, directed to the sheriff of St. Clair County and was served by that officer by delivering a true copy of the summons and a true copy of the petition thereto attached to the drivers of relators' bread trucks in St. Clair County. On the return date of the summons relators filed separate motions to quash the sheriff's return. These motions were overruled and on the same day, without further proceedings in the circuit court, relators applied to this court for its writ prohibiting further proceedings in the cause. Our preliminary rule was issued to which the respondent duly made return, admitting the material facts above related and asserting the service was had pursuant to Section 8707, Revised Statutes 1929. Thereupon relators moved for judgment on the pleadings, which leaves the cause to be determined upon the law as applied to the facts stated.

Relators advance three grounds in support of their contention that the trial court is without jurisdiction to proceed with the hearing of the cause pending before it. First, that Section 8707, Revised Statutes 1929, is a venue statute, local and special in character and hence in conflict with subdivision 4 of Section 53, Article IV of the Constitution; second, that the substance of Section 8707 is not expressed in the title of the act of which that section is a part and is therefore invalid under the provisions of Section 28, Article IV of the Constitution; third, that even if Section 8707, be a service statute and constitutional, no method of service is prescribed thereby and therefore the service attempted under the authority assumed to be conferred by Section 8707 is void.

Respondent rests his case upon the ground that Section 8707 is a service statute and is valid. He concedes that the service on relators was based upon the provisions of Section 8707 and no other. We will consider those questions in the order stated.

Section 8707, above referred to, is as follows:

"Any person injured in his business or property by any other person or persons by reason of anything forbidden or declared to be unlawful by this article may sue therefor in any circuit court of this state in which the defendant or defendants, or any of them, reside, or have any officer, agent or representative, or in which any such defendant or any agent, officer or representative may be found, without regard to the amount in controversy, and shall recover threefold the damages by him sustained, and the costs of the suit, including a reasonable attorney's fee."

To give the statute the meaning evidently intended we construe it to mean that any person "may sue therefor in the circuit court *of any county* of this state in which the defendant or defendants reside. . . ."

■ I. There is no logical ground upon which this section can be held to be a service statute. It neither determines the manner nor the place of the service or the parties upon whom service may be obtained. The purport of the section is to undertake to fix the place where actions for the violation of the article of which this section is a part may be brought. It is clearly a venue statute. Relators appear to assume that if the above section is to be classified as a venue statute it necessarily follows that it violates the inhibition contained in the above noted provision of the Constitution. That constitutional provision is:

■ "The General Assembly shall not pass any local or special law: . . . Changing the venue in civil or criminal cases. . . ." [Subdivision 4, Sec. 53, Art. IV.]

State ex rel. v. Gantt, 274 Mo. 490, 203 S. W. 964, is cited in support of the theory that Section 8707, being a venue statute and not being universal in its application, is invalid. In that case FARIS, J., speaking for this court en banc, said, 1. c. 508:

"It is also clear that all special venue statutes are forbidden by our Constitution. [Sub. 4, Sec. 53, Art. 4, Constitution.] By reason of the language used in said Section 53 of the Constitution we are not allowed to apply the permissible classification doctrine of Subdivision 32 of said Section 53, to a solution of the difficulty presented. This is so for the reason that said Section 53, of Article 4, of our Constitution, expressly forbids the General Assembly to 'pass any local or special law . . . . changing the venue in civil or criminal cases;' thus by the very language used *excluding the privilege of permissible classification* which is given by Subdivision 32 of said Section 53, in all matters of legislation, except the things wherein special laws are by the preceding thirty-one subdivisions expressly forbidden." (Italics ours.) WALKER, J., concurred in the opinion by FARIS in its entirety, three members of the court concurred in the result only, one dissented *in toto* in a separate opinion and GRAVES, J., while concurring in the result, dissented on this point saying (1. c. 511):

"I do not concur in that portion of the opinion which, on the assumption that Section 7042 was a venue statute, denounces it as unconstitutional, on the theory that it would violate Clause 4 of Section 53, Article 4, of the Constitution. I think that there might be a valid classification of corporations as to the venue of actions. But holding, as we do, that this Section 7042 is not a venue statute. what is said on the other matter is largely *arguendo*, and not really in the case."

It seems from the above expression by FARIS that the "permissible classification doctrine" was understood to be the power of the judiciary conferred by the latter part of subdivision 32 of Section 53, supra, to determine whether a more general law could be made ap-

plicable to a subject other than one specifically referred tó in the first thirty-one subdivisions of Section 53. That part of subdivision 32 referred to is as follows:

"In all other cases where a general law can be made applicable, no local or special law shall be enacted; and whether a general law could have been made applicable in any case is hereby declared a judicial question, and as such shall be judicially determined, without regard to any legislative assertion on that subject." [15 Mo. Stat. Ann., p. 493.]

By whatever name the power of the courts conferred by subdivision 32 is to be known it should not be confused with nor held to exclude the application of the rule adopted long ago for determining whether a statute was local or special within the meaning of those terms as they are used in the first thirty-one subdivisions and the first sentence of subdivision 32 of Section 53. That rule was stated by this court in an opinion by WALKER, J., in the case of State ex rel. v. Burton, 266 Mo. 711, l. c. 720, 182 S. W. 746, in the following language:

"The Constitution does not prohibit local or special laws in all cases, such laws being forbidden only upon the subjects named in the Constitution or where a general law could have been made applicable. [State ex rel. v. Speed, 183 Mo. 186.] What are general laws as meant by the Constitution has been frequently determined. It is held generally that a statute is not special or class legislation if it applies to all alike of a given class, provided the classification is not arbitrary. [Miners' Bank v. Clark, 252 Mo. 20; State ex rel. v. Taylor, 224 Mo. 393.]"

The longevity of the rule and its continuous use and application by this court in cases arising under Section 53 is apparent from a reference to the following cases: State ex rel. v. Wilcox, 45 Mo. 458; Humes v. Mo. Pac. Ry. Co., 82 Mo. 221; Ewing v. Hoblitzelle, 85 Mo. 64, l. c. 75; State ex rel. v. Tolle, 71 Mo. 645, l. c. 650; Lynch v. Murphy, 119 Mo. 163, l. c. 172, 24 S. W. 774; State ex rel. v. Yancy, 123 Mo. 391, 27 S. W. 380; State ex rel. v. Wofford, 121 Mo. 61, 25 S. W. 851; State v. Bishop, 128 Mo. 373, l. c. 385, 31 S. W. 9; Dunne v. K. C. Cable Ry. Co., 131 Mo. 1, 32 S. W. 641; State v. Walsh, 136 Mo. 400, l. c. 405, 37 S. W. 1112; State v. Gritzner, 134 Mo. 512, l. c. 528, 36 S. W. 39; Hamman v. Central Coal & Coke Co., 156 Mo. 232, l. c. 240, 56 S. W. 1091; State v. Whitaker, 160 Mo. 59, l. c. 70, 60 S. W. 1068; Powell v. Sherwood, 162 Mo. 605, l. c. 617, 63 S. W. 485; State ex inf. v. Aetna Ins. Co., 150 Mo. 113, l. c. 134, 51 S. W. 413; State v. Hamey, 168 Mo. 167, l. c. 197, 65 S. W. 946; State v. Gregory, 170 Mo. 598, l. c. 604, 71 S. W. 170; Elting v. Hickman, 172 Mo. 237, l. c. 256, 72 S. W. 700; Miners' Bank v. Clark, 252 Mo. 20, l. c. 29, 158 S. W. 597; State ex rel. v. Taylor, 224 Mo. 393, l. c. 477, 123 S. W. 892; State ex inf. v. Southern, 265 Mo. 275, 177 S. W.

640; State ex rel. v. Buckner, 308 Mo. 390, 1. c. 400, 272 S. W. 940; Davis v. Jasper County, 318 Mo. 248, 1. c. 252, 300 S. W. 493; State ex rel. v. Lee, 319 Mo. 976, 5 S. W. (2d) 83; Waterman v. Bridge & Iron Works, 328 Mo. 688, 1. c. 695, 41 S. W. (2d) 575; State v. McCann, 329 Mo. 748, 47 S. W. (2d) 95; Thompson v. St. Louis-S. F. Ry. Co., 334 Mo. 958, 69 S. W. (2d) 936.

It therefore does not necessarily follow that Section 8707 violates subdivision 4 of Section 53 by virtue of the fact alone that it is a venue statute less than universal in its application. To be invalid on the ground that it is a special venue statute it must be special within the meaning of that term as defined in State ex rel. v. Burton, supra, and other cases above cited. In determining this question the following expressions of this court are of material assistance:

"The distinction between general and special laws is very clearly laid down by the Supreme Court of Pennsylvania in Wheeler v. Philadelphia, 77 Pa. St. 338, 348. It is there held 'that a statute which relates to persons or things as a class is a general law, while a statute which relates to particular persons or things of a class is special,' and that classification does not depend upon numbers." [State ex rel. Lionberger v. Tolle, 71 Mo. 645, 1. c. 650.]

"The test, under our decisions, as to whether a statute is local or general is, if it operates upon all persons alike who come within its scope or range, then it is general, and not subject to the denunciation of said Section 53; but, if, on the other hand, it operates only on a portion of such persons, then it is a special law, and is subject to the inhibition of said constitutional provision." [State ex rel. v. Taylor, 224 Mo. 393, 1. c. 477, 123 S. W. 892.]

"It is also held that whether an act be local or special must be determined by the generality with which it affects the people as a whole, rather than the extent of the territory over which it operates, and if it affects equally all persons who come within its operation it cannot be local or special within the meaning of the Constitution." [State ex rel. v. Buckner, 308 Mo. 390, 1. c. 401, 272 S. W. 940.]

"It is, however, an essential adjunct of this rule that the classification made by the Legislature shall rest on a reasonable basis and not upon a mere arbitrary division made only for purposes of legislation." [Waterman v. Bridge & Iron Works, 328 Mo. 688, 1. c. 696, 41 S. W. (2d) 575.]

Measured by the rule evidenced by the foregoing expressions of this court Section 8707, applying alike to all actions brought by any person or corporation (Sec. 9666, R. S. 1919, Sec. 8711, R. S. 1929) against all persons and corporations violating the act, is not a special law within the meaning of subdivision 4 of Section 53, Article IV of the Constitution. It is not contended that the classification effected

by this statute is arbitrary or unreasonable. We perceive no ground for so holding.

II. Relators' contention that the provisions contained in Section 8707 are not within the purview of the title of the act of which that section is a part is without merit. Section 8707 is a part of an act of the General Assembly enacted in 1913 with the following title:

"An Act to repeal article 1, chapter 98, Revised Statutes 1909, entitle 'Pools, trusts, conspiracies and discriminations,' and to enact a new article in lieu thereof, to be known as article 1, chapter 98, and entitled 'Pools, trusts, conspiracies and discriminations.'" [Laws 1913, p. 549.]

As the above-quoted title to the Act of 1913 clearly stated, that act repealed Article 1, Chapter 98, Revised Statutes 1909, and enacted the new article in lieu thereof. Under those circumstances this court held in Sherrill v. Brantley, 334 Mo. 497, 1. c. 502, 66 S. W. (2d) 529, that:

"The title of the original act became thereby the title of the later law and the constitutionality of the substituted section is to be determined upon whether it comes properly within the purview of this title. [State ex rel. v. Gideon, 277 Mo. 356, 210 S. W. 358.]"

Article 1, Chapter 98, Revised Statutes 1909, was enacted in 1907. It contained a comprehensive title. [Laws 1907, p. 377.] Section 8972 thereof (Laws 1907, p. 380), is exactly the same as the present Section 8707. No suggestion is made nor can be logically made that Section 8707 does not properly come within the purview of the title of the Act of 1907.

III. Did the court have jurisdiction of the defendants? "Absent a general appearance, or waiver of process, by the defendant, there must be service of process on defendant in some mode authorized by law or the court cannot proceed." [State ex rel. Natl. Rys. of Mexico v. Rutledge, 331 Mo. 1015, 1. c. 1034, 56 S. W. (2d) 28.] Section 8707 neither provides the manner of service nor the parties upon whom service might be obtained. Section 728, Revised Statutes 1929, provides the method of service on individual defendants where such service is not otherwise provided. Section 735, Revised Statutes 1929, provides for service on corporate defendants.

It is conceded that the only service had was the delivery of a copy of the summons and petition to the salesmen and truck drivers of the various defendants upon the assumption that Section 8707 authorized such service. Under the agreed facts it stands admitted that neither the requirements of Section 728, Revised Statutes 1929, relating to service on individuals, nor the terms of Section 735, providing for service on corporate defendants, were complied with. The service was therefore wholly insufficient.

Relators suggest as a further ground for the invalidity of the service that since Section 8707 provides no method of service of summons it necessarily follows that no particular method is prescribed by statute and hence personal service was necessary and was not obtained. The fallacy in this reasoning lies in the fact that Sections 728 and 735 do prescribe a particular method of service in all cases of this character where no other method is prescribed by law and hence, Section 8707 failing to prescribe a method, Section 728 applies to the individual defendants, if there be any, and 735 applies to all if they are all corporations. The case of Wilson v. St. L. & S. F. Ry. Co., 108 Mo. 588, 18 S. W. 286, cited by relators, does not support their contention. It involved a situation where the method of service of the particular notice required to be given was nowhere provided for by statute. As pointed out above, no such situation exists in this case. The other cases cited by relator in support of this proposition (Williams & Pierson v. Dittenhoefer, 188 Mo. 134, 86 S. W. 242; Doyle v. K. C. & S. Ry. Co., 113 Mo. 280, 20 S. W. 970; Ryan v. Kelly, 9 Mo. App. 396, and Bank v. Berry, 79 Mo. App. 492) were cases involving circumstances under which the applicable statute required service on a person answering a specified description such as "the guardian" or "the owner of the property." Those cases are not authority here because in those cases service was directed by special statutes which prescribed the person to be served thereby making the general statutes inapplicable.

For the reasons above stated the preliminary rule is made absolute unless and until valid service be obtained.

All concur.