STATE OF MISSOURI TO USE OF J. H. McCORMICK, Respondent, v. J. H. McDOUGAL ET AL., Appellants.

February 10, 1885.

PRACTICE — ACTIONS — WHERE BROUGHT — STATUTE CONSTRUED. — The plaintiff being a resident of one county and one of the defendants a resident of another county while the other defendant is a non-resident of the state, the action is properly brought in the county where the plaintiff resides and the defendants are found.

APPEAL from the St. Louis Circuit Court, ADAMS, J.
*Affirmed.*

JAMES P. DAWSON, for the appellants: An appearance which is not general waives no right of the party thus appearing. — *Smith* v. *Rollins*, 25 Mo. 408; *Pomeroy* v. *Betts*, 31 Mo. 419; *Lincoln* v. *Hilbus*, 36 Mo. 149.

KEHR & TITTMANN, for the respondent: The court acquired jurisdiction of the person. — *Atkins* v. *Borstler*, 46 Mich. 552; *Murphy* v. *Winter*, 18 Ga. 690; *Wynn* v. *Kiser*, 7 Blackf. 299; *Vinal* v. *Core*, 18 W. Va. 20; *Covill* v. *Moffett*, 7 Jones L. 381.

LEWIS, P. J., delivered the opinion of the court.

The plaintiff resides in the city of St. Louis. The defendant McDougal is a resident of the state of Illinois, and

defendant Million, of Clark County, Missouri. The defendants were both served with process in the city of St. Louis. The only question presented in this appeal is, whether the St. Louis circuit court acquired jurisdiction of the persons of the defendants?

Revised Statutes, section 3481, provides: "Suits instituted by summons shall, except as otherwise provided by law, be brought: —

"*First.* When the defendant is a resident of the state, either in the county within which the defendant resides, or in the county within which the plaintiff resides, and the defendant may be found.

"*Second.* When there are several defendants, and they reside in different counties, the suit may be brought in any such county.

" *Third.* When there are several defendants, some residents and some non-residents of the state, suit may be brought in any county in which any defendant resides.

"*Fourth.* When all the defendants are non-residents of the state, suit may be brought in any county."

The defendants maintain that by the terms of the third clause, this suit could properly be brought no where but in Clark County, Missouri, where one of the defendants resides. Such a construction, ignoring all the other parts of the law, would set aside the plainest rules of statutory interpretation. If the clause stood entirely alone, there might be some plausibility in the claim.

The idea involved in the defendants' point is that, inasmuch as " there are several defendants, some residents and others non-residents of the state," the third clause is the only provision applicable; and that, as to each defendant, although " found " in the city of the plaintiff's residence, the second alternative of the first clause can not be applied, because it is superseded by the special provision made in the third clause for this particular class of cases. This would amount to a repeal by implication.

Let us apply the same test to the operation of the second clause. By that interpretation, if there are several defendants residing in different counties in this state, a suit against them can be brought no where but in one of those counties.

To illustrate: A, residing in the city of St. Louis, holds a promissory note signed by B and C, who reside in different counties in this state, outside of St. Louis. If B be found in St. Louis A may sue him there, by virtue of the second alternative in the first clause. If C be afterwards found in the same place A may sue him also in the same court. But if unfortunately he should happen to sue them both in one proceeding, the jurisdiction must fail, because of the special provision made for all such cases in the second clause. Could any conclusion be more absurd? The illustration would equally fit an application of the third clause to the situation of the parties in the present case. The plaintiff might sue defendant Million under the first clause, because he was found in the city of St. Louis, where the plaintiff resides. He might sue defendant McDougal in the same jurisdiction, because, under the fourth clause, a non-resident defendant may be sued in any county. Yet, though a complete jurisdiction was thus acquired over each defendant, by virtue of the provisions applicable, respectively, to their several conditions, there could be no jurisdiction over both, because there happens to be still another provision by which, cumulatively, they might also be sued in the county of Million's residence. In other words the first and fourth clauses, as to either defendant, are repealed by implication in the third. The law intends no such incongruities. They all vanish before a very familiar rule of statutory interpretation. In construing any part of a law, the whole must be considered; and, if possible, such a construction is to be made as will avoid any contradiction or inconsistency. Sedgw. on Stat., 200. Thus the several clauses in the section under consideration are to be regarded as cumu-

lative provisions for securing the jurisdiction over parties defendant, and not as repealing or superseding each other. If, by virtue of one provision, jurisdiction may be acquired over any defendant the practical effect of such provision is not to be annulled by the fact that another provision might subject him to jurisdiction in a different place, by reason of his association with other defendants. Effect must be given to all the provisions in a law, whenever possible ; and there is no difficulty about so doing in the present instance. Defendant Million can not complain of a jurisdiction asserted over him in exact conformity with the law whose terms are directly applicable to him as an individual. Defendant Mc-Dougal is in a like position. Why then should either be heard to complain for the other, or for a supposed joint wrong when neither is wronged in fact? The circuit court properly held that the defendants were duly brought within its jurisdiction, and its judgment is affirmed with the concurrence of all the judges.