STATE OF MISSOURI at the relation of C. M. MINIHAN and C. M. JOHNSON, Copartners, d/b as NORWOOD MOTOR TRANSFER & STORAGE COMPANY, Relators, v. ROBERT L. ARONSON, Judge of the Circuit Court of the City of St. Louis, Division No. 7, and ERNEST F. OAKLEY, Judge of the Circuit Court of the City of St. Louis, Division No. 1, and their successors as Presiding Judges of said Court in Division No. 1 thereof.—No. 37938.—165 S. W. (2d) 404.

Division Two, November 12, 1942.

310

*Fisher, Bohn & Durham, Moser, Marsalek & Dearing* and *Theo J. Krauss* for relators.

*Jesse E. Bishop* and *James J. Scannell* for respondents.

312

 BARRETT, C.—This is an original proceeding in prohibition and the question is whether the Circuit Court of the City of St. Louis acquired or had jurisdiction of the persons of the defendants in a cause in which Carl E. Johnson was plaintiff and C. M. Minihan and C. M. Johnson, partners, were defendants.

C. M. Minihan and C. M. Johnson are citizens and residents of Wright County. They are partners, doing business as Norwood Motor Transfer & Storage Company. For the purposes of this opinion the partners were operating as public carriers for hire, under license of the Missouri Public Service Commission. (Ch. 35, R. S. Mo. 1939.) And, under this license, they operated in the City of St. Louis.

Carl E. Johnson is a resident of Franklin County and in July, 1940 was injured when his automobile and the defendants' truck collided on U. S. Highway 66 in Franklin County. In March, 1941, Carl E. Johnson brought suit in the Circuit Court of the City of St. Louis against the relators, C. M. Minihan and C. M. Johnson, claiming that the collision and his resulting injuries were due to the negligent manner in which they operated their truck.

Because the relators were public carriers operating in or through the City of St. Louis he elected to file his suit in St. Louis and obtain jurisdiction of the persons of the relators under the provisions of and in compliance with Section 5735, R. S. Mo. 1939. That statute is as follows:

"Suit may be brought against any motor carrier or contract hauler, as in this article defined, in any county where the cause of action may arise, in any town or county where motor carrier operates, or judicial circuit where the cause of action accrued, or where the defendant maintains an office or agent and service may be had upon such carrier whether an individual person, firm, company, association, or corporation, by serving process upon the secretary of the public service commission."

Process was first issued to the sheriff of Cole County and served upon the secretary of the Missouri Public Service Commission, as the latter part of the statute directs. But, on the relators' motion to quash the return of the sheriff of Cole County, the trial court was of the opinion that such service did not confer jurisdiction of the persons of the relators because that portion of the statute was unconstitutional in that it did not contain a provision requiring the secretary of the Public Service Commission to forward notice of the institution of the suit, or process, to the defendant relators. We are not concerned with the propriety of these steps nor with the correctness of the court's ruling in this respect because C. E. Johnson submitted to the ruling and another

and different course was pursued to subject the relators to the court's jurisdiction.

After the process first obtained had been quashed an alias summons was ordered for the relators and the clerk of the Circuit Court of the City of St. Louis issued a new summons which was directed to the sheriff of Wright County. The sheriff of Wright County executed the summons by delivering a copy of the petition and summons to them personally, in Wright County, and made a return so stating. The relators then filed a motion to quash the return of the sheriff of Wright County for the reason that they had not been served with process in a manner prescribed by law and, therefore, the court did not have jurisdiction of their persons and was without authority to proceed with the cause.

The relators' position is that the principal case is a personal action (in personam) against two individual defendants, instituted in the City of St. Louis, and that service of process on them in Wright County is unauthorized and void. They say Section 5735 provides a mode of service of process and that if service of process is not had on them in the manner prescribed by that law they cannot be compelled to submit to the jurisdiction of the court in St. Louis, unless there is some provision in the general service statutes authorizing such service and process.

It is not contended in this proceeding that service of process was had in compliance with the terms of any specific statutory authorization. On the contrary, the theory presented here is that Section 5735 fixed the venue of actions against relators as public carriers in St. Louis, (because they operate there) and that when a statute fixes the venue of a cause, regardless of the residence of the parties, *the statute* "either expressly, or *by necessary implication* authorizes" the issuance and service of summons upon such defendants in any county in the state. The respondents' reasoning was that Section 5735 is a special venue statute enacted for the purpose of giving added effect and meaning to salutary legislation and a refusal to imply into the statute that process could be served in the home county of defendants engaged as common carriers, under the circumstances of this case, would render the legislation nugatory.

As we have said, the validity, constitutional or otherwise, of Section 5735 is not before us. Neither is it necessary for us to construe the statute in any manner except and only in so far as it does or does not provide for a mode of service of process other than by service of summons upon the secretary of the Public Service Commission. And, we assume the act validly fixes the venue of this case in St. Louis.

 A summons is process. It is the means by which a defendant is given notice of the fact that a suit has been instituted against him so that he may appear and be heard if he desires. It is also the means

of compelling a defendant to subject his person to the jurisdiction of the court from which the summons issues. 42 Am. Jur., Secs. 2-3. Until such notice is given, that is, such a notice as compels the defendant to take cognizance of it, the court has no authority to proceed against the party defendant, even though the court may have jurisdiction of the subject matter of the action. State ex rel. Ferrocarriles Nacionales v. Rutledge, 331 Mo. 1015, 56 S. W. (2d) 28.

Subject to certain limitations not involved here, service of process is wholly a statutory matter. Bowers, Process & Service, Sec. 253; 50 C. J., Sec. 56. Consequently, the general rule is that unless a defendant is served with process, or summoned, in some manner authorized by statute law the court is without authority to proceed. State ex rel. Mueller Baking Co. v. Calvird, 338 Mo. 601, 92 S. W. (2d) 184; State ex rel. Ferrocarriles Nacionales v. Rutledge, supra. Our general service statute (Mo. R. S. A., Sec. 880), applicable to an individual defendant or defendants, specifically prescribes the manner in which a summons shall be executed and a summons must be served as that statute requires "except as otherwise provided by law." And the latter clause has been held to mean exactly what it says, "except as otherwise provided by law." Yates v. Casteel, 329 Mo. 1101, 49 S. W. (2d) 68. It should also be noted that this statute is applicable to all actions in which a personal judgment (in personam) is sought, in the absence of a contrary provision. Yates v. Casteel, supra.

Furthermore, it has become a principle in this jurisdiction that even though a statute may be held to be a special venue statute, creating a new right and, perhaps, a new remedy, yet if the statute fails to provide the manner in which process is to be served the general service statutes apply and personal service, within the meaning of the general statutes, is an absolute prerequisite to the issuing court's authority to proceed with the cause. State ex rel. Mueller Baking Co. v. Calvird, supra; Yates v. Casteel, supra; Stanton v. Thompson, 234 Mo. 7, 136 S. W. 698. "Personal service is the primary method of obtaining jurisdiction over the person of a defendant, and is generally required, to give jurisdiction to render a judgment in personam." 42 Am. Jur., Sec. 48. In the absence of a special venue statute the general venue statutes and the general service statutes are construed together and if the action is personal the suit must be instituted in the county of the defendant's residence or in the county of the plaintiff's residence when the defendant is found there, except, of course, when there are several defendants. "Reading these statutes (the service sections) and the venue statute together, do they not mean that it is essential to jurisdiction, to enter a personal judgment, for service of summons to be had upon a defendant or defendants (except when defendants reside in different counties) in the county (where plaintiff resides and defendant is found or where defendant resides) in which

the suit is begun? This court has expressly so held in Yates v. Casteel." Hankins v. Smarr, 345 Mo. 973, 975, 137 S. W. (2d) 499.

It is also generally true that a court's jurisdiction "in personam is confined to persons within the territorial jurisdiction of the court" and "it follows that service of process made beyond such limits is entirely ineffective to confer jurisdiction over the persons against or on whom it is so made." 21 R. C. L., Sec. 15; 50 C. J., Secs. 24, 25, 57, 68; Hankins v. Smarr, supra; Yates v. Casteel, supra. This is not an immutable rule, however, but any change in the rule depends upon valid legislative action. 50 C. J., Sec. 69; 42 Am. Jur., Sec. 49. See and compare the examples in the annotations in 126 A. L. R. 1475; 132 A. L. R. 1361; 50 L. R. A., 577, and Yates v. Casteel, supra.

In this case, since the mode of serving process provided by the legislature proved unavailing or was not used, it is our view that the defendants were not amenable to the respondents' authority unless there is some provision in the general service statutes providing for the service relied upon, and we find none. We cannot say that the legislature intended that if the service it prescribed should fail or not be used that the courts should devise some other scheme or method of serving process. That is a mater of legislative policy and we cannot say they would approve of, or intended to provide for, the service of process upon a carrier for hire in any manner other than by service upon the secretary of the Public Service Commission, even though the venue of the action be in any county in which the carrier operates.

It does not follow merely because the statute fixes the venue of the action in any county in which the carrier operates, or in other jurisdictions where certain other facts exist, that the statute "by necessary implication" authorizes service on the defendants in their home county or in any county in the state. Neither does failure to read some other mode of service into the statute render the legislation ineffective. The plaintiff, in the principal case, elected to institute his suit in St. Louis but he was not compelled to do so and refusal to imply into the statute some mode of service of process not provided for does not leave him without a remedy.

The same argument was advanced in Yates v. Casteel, supra, where a personal action was instituted in Jasper County and the defendant was served in St. Louis. The plaintiff contended that because he was a resident of Jasper County and the venue of the action was properly there the implication was that summons could be issued and served upon the defendant in any county in the state in which he might be found. But, because the action was in personam and there was no statute authorizing such service of process, the Circuit Court of Jasper County was held to not have jurisdiction of the person of the defendant. There is no difference in principle in the instant case and Yates v. Casteel and Hankins v. Smarr.

It is true that as to attachment suits and suits involving the possession of or title to real estate a defendant may be summoned and validly served with process in a county other than that of the venue of the action and in the absence of specific statutory authority. Castleman v. Castleman, 184 Mo. 432, 83 S. W. 757; Magrew v. Foster, 54 Mo. 258. But in those instances the statutes provide that such suits "shall be brought in the county in which such property may be found" and "shall be brought in the county where such real estate . . . is situated." Mo. R. S. A., Secs. 872-873. We need not go into it, since the question is not before us, but the difference in those cases and the present one is the difference in real actions (in rem) and personal actions (in personam) or the difference in transitory actions and local actions. And in those instances there is always the question of the extent to which the court may go in entering a judgment. In those cases it is mandatory that the suit be instituted in the county in which the property is located or where the land lies. It may be that the difference is slight and the distinction without substantial foundation but it exists and is recognized and there is no compelling reason, in the instant case, for engrafting by implication an additional method of serving process on to those provided by the statutes.

Therefore, the preliminary rule in prohibition is made absolute unless and until valid service of process be obtained. *Westhues* and *Bohling, CC.,* concur.

PER CURIAM:—The foregoing opinion by BARRETT, C., is adopted as the opinion of the court. All the judges concur.