## MAXWELL v. DE LONG.

### No. 7710.

United States District Court,
W. D. Missouri, W. D.

Sept. 20, 1952.

This means, of course, that the suit should have been instituted in Clay County.

While the motion to dismiss was pending the plaintiff voluntarily dismissed the action as to the defendant Boswell. Thereupon, the remaining defendant, being a non-resident, gave notice of his purpose to remove and said cause was in due course removed to this court. Counsel for plaintiff have filed their motion to remand and the defendant is here urging his motion to dismiss.

█ 1. On a motion to remand, clearly upon the averments of the complaint, the state court appeared to have jurisdiction of the parties and since a joint cause of action was alleged the non-resident defendant company was barred from removal. Immediately upon the voluntary dismissal as to the resident defendant the non-resident defendant was clothed with authority to remove the case. He did this, and since there is a diversity of citizenship this court has jurisdiction and the motion to remand should be overruled.

█ 2. The venue statute of Missouri above cited clearly devolves the duty upon a plaintiff, as in this case, to bring his action in the county where the resident resides. The action, therefore, should have been brought in Clay County. It would follow that the Jackson County Circuit Court had no jurisdiction of the subject matter. It is argued by counsel for the plaintiff that the Circuit Court of Jackson County had no jurisdiction over the resident defendant and that, therefore, the action against him was a nullity and that the appearance of the non-resident defendant was a waiver of jurisdiction. This argument cannot be accepted. Clearly the statute requires suit to be brought in Clay County, the residence of the local defendant, and the fact that plaintiff subsequently voluntarily dismissed as to the co-defendant would not make the service upon the non-resident defendant good.

Accordingly, the motion to remand should be and will be overruled and the motion of the defendant to dismiss will be sustained.

Stubbs, McKenzie, Williams & Merrick, Kansas City, Mo., for plaintiff.

Rogers, Field & Gentry, Kansas City, Mo., for defendant.

REEVES, Chief Judge.

The plaintiff brought suit against C. L. DeLong, a resident of Nebraska, and one C. R. Boswell, a resident of Clay County, Missouri. The action was brought in Jackson County, Missouri. Service was had upon C. L. DeLong while in Jackson County, Missouri. Service was also had upon C. R. Boswell in Clay County, Missouri.

Invoking the Missouri statute, namely section 508.010 RSMo 1949, V.A.M.S., the defendant DeLong appeared in the state court and moved to dismiss the case pursuant to the following provisions of said statute:

"(3) When there are several defendants, some residents and others nonresidents of the state, suit may be brought in any county in this state in which any defendant resides".