STATE ex rel. L. T. KISSINGER, Relator,

v.

Hon. Emory W. ALLISON, Judge of the Circuit Court of Pulaski County, and of the 39th Judicial Circuit in the State of Missouri, Respondent.

No. 7800.

Springfield Court of Appeals.

Missouri.

Sept. 28, 1959.

A. W. Landis, West Plains, for relator.

Horace T. Robinson, Waynesville, for respondent.

McDOWELL, Judge.

This is an original proceeding in prohibition to prevent respondent, a Circuit Judge of Pulaski County, from assuming jurisdiction over the person of relator in an action pending before him in the Circuit Court of said County. The question of jurisdiction turns upon the construction of the venue statute Section 508.010 RSMo 1949, V.A. M.S.

On July 10, 1958, Robert Newport Anderson, an incompetent, by Frances Duncan, his Guardian, and Frances Duncan in her own behalf, instituted an action in the Circuit Court of Pulaski County for damages to plaintiffs' land and personal injuries. The damages sought were alleged to have been sustained in Pulaski County.

The petition alleged that defendants, Grisham and Kissinger leased lands in said county from defendant Borg and with his knowledge used said premises for cooking, rendering and feeding garbage; that as a result of said operation, garbage and other refuse was permitted to flow over plaintiffs' land causing noxious odors to pervade the air over plaintiffs' premises damaging said land and the health of plaintiffs.

The facts are not in dispute. Plaintiffs were residents of Pulaski County. Defendant, Joe E. Borg, is a nonresident of Missouri and defendants Gerald Grisham and L. T. Kissinger were residents of Howell County and never resided in Pulaski County. Process was duly issued and served on defendant L. T. Kissinger in Pulaski County, he being found therein. The other defendants were never served with process.

Motion was duly filed by defendant Kissinger to quash the summons, service of summons and the sheriff's return on the ground that the court was without jurisdiction because venue did not lie in Pulaski County. This motion was argued, briefed and submitted to the court who indicated his intention to overrule the motion and to exercise jurisdiction in said cause.

Application for writ of prohibition was filed in the Springfield Court of Appeals and our preliminary writ granted April 18, 1959. Return to this writ, filed by respondent on May 8th, admits all the facts alleged in plaintiffs' petition.

Relator filed motion for judgment on the pleadings which presents the question of jurisdiction to this court as one of law.

Relator contends that subsection (3) of § 508.010 RSMo 1949, V.A.M.S., fixes the exclusive venue in the county of the residence of defendants Kissinger and Grisham, to-wit: Howell County, Missouri. It is the position of the respondent that subsection (1) of § 508.010 fixes the venue in Pulaski County insofar as relator is concerned and that the names of the defendants, other than relator on whom service was had in Pulaski County, were mere surplusage.

Section 508.010 RSMo 1949, V.A.M.S., in part, provides:

"Suits instituted by summons shall, except as otherwise provided by law, be brought:

"(1) When the defendant is a resident of the state, either in the county within which the defendant resides, or in the county within which the plaintiff resides and the defendant may be found;

"(2) When there are several defendants, and they reside in different counties, the suit may be brought in any such county;

"(3) When there are several defendants, some residents and others nonresidents of the state, suit may be brought in any county in this state in which any defendant resides;

"(4) When all the defendants are nonresidents of the state, suit may be brought in any county in this state."

■ The venue statute must be met and complied with as to each defendant. Proper venue is necessary, before the service of process will confer jurisdiction over the person of defendant. State ex rel. Bartlett v. McQueen, 361 Mo. 1029, 238 S. W.2d 393, 395 [1]; State ex rel. Minihan v. Aronson, 350 Mo. 309, 165 S.W.2d 404, 407; State ex rel. Boll v. Weinstein, 365 Mo. 1179, 295 S.W.2d 62, 65 [4–6].

In the last cited case, 295 S.W.2d on page 66, the court cited State ex rel. Bartlett v. McQueen, En Banc, 361 Mo. 1029, 238 S.W.2d 393, and quoted:

"* * * the proceeding was one in prohibition, and a lack of jurisdiction over one defendant in a pending suit was asserted; plaintiff lived in Jackon County and both defendants lived in Platte County. One defendant was served in Jackson County when found there, but the other defendant was served in Platte County. The court held that the venue was improper as to the defendant who was not found in Jackson County, and said, 238 S.W.2d loc. cit. 395: '* * * the venue statute must be met and complied with as to each defendant. Proper venue is necessary, before the service of process will confer jurisdiction over the person of a defendant. Yates v. Casteel, 329 Mo. 1101, 49 S.W.2d 68, 70; Hankins v. Smarr, 345 Mo. 973, 137 S.W.2d 499, 501; State ex rel. Minihan v. Aronson, 350 Mo. 309, 165 S.W.2d 404, 407. * * * The provisions of the Code with reference to service of process are subject to statutory venue requirements.' * * *"

It is argued that respondent is without jurisdiction over the relator in the pend-

ing case because § 508.010 is a venue statute, not a service statute and fixes the exclusive venue of this action in Howell County, Missouri. Authorities cited are §§ 508.010, 508.020, 508.030, 508.040, 508.-050, 508.060, and 508.070 RSMo 1949, V.A.M.S.

Whether or not this contention is true depends upon the intention of the legislature in enacting this statute.

█ It is contended that because plaintiffs joined as defendants, two residents of Howell County with a nonresident of Missouri, such joinder is not surplusage and, having so elected, the plaintiffs in the action fixed exclusive venue in the Circuit Court of Howell County under the provisions of subsection (3) of § 508.010.

Under this contention relator cites State, to Use of McCormick v. McDougal, 16 Mo. App. 414. This case was cited by the St. Louis Court of Appeals February 10, 1885. The facts reveal that plaintiff was a resident of the City of St. Louis. Defendant, McDougal, was a resident of Illinois, and defendant, Million, was a resident of Clark County, Missouri. Both defendants were served with process in the city of St. Louis. The only question presented in this appeal was whether the Circuit Court of St. Louis acquired jurisdiction over the persons of the defendants. The venue statute considered was exactly the same as § 508.010 under consideration in the case at bar. The court set out all of the first four subsections and then stated:

"The defendants maintain that by the terms of the third clause, this suit could properly be brought no where but in Clark County, Missouri, where one of the defendants resides. Such a construction, ignoring all the other parts of the law, would set aside the plainest rules of statutory interpretation. If the clause stood entirely alone, there might be some plausibility in the claim.

"The idea involved in the defendants' point is that, inasmuch as 'there are several defendants, some residents and others non-residents of the state,' the third clause is the only provision applicable; and that, as to each defendant, although 'found' in the city of the plaintiff's residence, the second alternative of the first clause can not be applied, because it is superseded by the special provision made in the third clause for this particular class of cases. This would amount to a repeal by implication.

"Let us apply the same test to the operation of the second clause. By that interpretation, if there are several defendants residing in different counties in this state, a suit against them can be brought no where but in one of those counties.

"To illustrate: A, residing in the city of St. Louis, holds a promissory note signed by B and C, who reside in different counties in this state, outside of St. Louis. If B be found in St. Louis A may sue him there, by virtue of the second alternative in the first clause. If C be afterwards found in the same place A may sue him also in the same court. But if unfortunately he should happen to sue them both in one proceeding, the jurisdiction must fail, because of the special provision made for all such cases in the second clause. Could any conclusion be more absurd? The illustration would equally fit an application of the third clause to the situation of the parties in the present case. The plaintiff might sue defendant Million under the first clause, because he was found in the city of St. Louis, where the plaintiff resides. He might sue defendant McDougal in the same jurisdiction, because, under the fourth clause, a nonresident defendant may be sued in any county. Yet, though a complete jurisdiction was thus acquired over each defendant, by virtue of the provisions applicable, respectively, to their several conditions, there could be no jurisdic-

tion over both, because there happens to be still another provision by which, cumulatively, they might also be sued in the county of Million's residence. In other words the first and fourth clauses, as to either defendant, are repealed by implication in the third. The law intends no such incongruities. They all vanish before a very familiar rule of statutory interpretation. In construing any part of a law, the whole must be considered; and, if possible, such a construction is to be made as will avoid any contradiction or inconsistency. Sedgw. on Stat., 200. Thus the several clauses in the section under consideration are to be regarded as cumulative provisions for securing the jurisdiction over parties defendant, and not as repealing or superseding each other. * * *"

This authority is well reasoned and completely refutes relator's contention.

Relator argues that Maxwell v. De Long, D.C., 107 F.Supp. 166, and State ex rel. Whiteman v. James, 364 Mo. 589, 265 S.W. 2d 298, sustain his position.

In Maxwell v. De Long, supra, suit was brought in Jackson County against De Long, a resident of Nebraska, and Boswell, a resident of Clay County. De Long was served personally in Jackson County and the cause dismissed as to Boswell. Cause was removed to the Federal Court. Invoking the Missouri statute, § 508.010(3), defendant De Long moved to dismiss for want of jurisdiction. In considering the venue statute § 508.010, the court stated:

"The venue statute of Missouri above cited clearly devolves the duty upon a plaintiff, as in this case, to bring his action in the county where the resident resides. The action, therefore, should have been brought in Clay County. It would follow that the Jackson County Circuit Court had no jurisdiction of the subject matter. It is argued by counsel for the plaintiff that the Circuit Court of Jackson County

had no jurisdiction over the resident defendant and that, therefore, the action against him was a nullity and that the appearance of the non-resident defendant was a waiver of jurisdiction. this argument cannot be accepted. Clearly the statute requires suit to be brought in Clay County, the residence of the local defendant, and the fact that plaintiff subsequently voluntarily dismissed as to the co-defendant would not make the service upon the non-resident defendant good." [107 F.Supp. 167.]

In State ex rel. Whiteman v. James, supra [364 Mo. 589, 265 S.W.2d 299], plaintiffs' action was filed in Jackson County against non-resident, Continental Baking Company, and defendant William E. Robertson, a resident of Andrew County. The corporate defendant was licensed to do business in Missouri with registered office and agent in the city of St. Louis and maintained an office and transacted business in Jackson County. The summons was served upon corporate defendant at its office and place of business in Jackson County and upon its registered agent in the city of St. Louis. Defendant Robertson was served in Andrew County. Both defendants challenged the jurisdiction of the court on the ground that neither of them were residents of Jackson County and hence venue was not in that county. This contention was by the trial court sustained and mandamus proceedings followed.

Relator bases her right to mandamus on the proposition that it appears as a matter of law that venue is in Jackson County because Continental maintained an office and place of business there where it was served. The court stated that service is admittedly good if the proposition just stated be sustained but the venue is not governed by § 508.040 for the reason such section applies only where the corporation is sole defendant. The court said:

" * * * The question reduces itself to this: Whether Continental is a resi-

dent of Jackson County within the purview of the general venue statute, Section 508.010 RSMo 1949, V.A.M.S., the portion of which here involved reads: 'Suits instituted by summons shall, except as otherwise provided by law, be brought: * * * (2) When there are several defendants, and they reside in different counties, the suit may be brought in any such county.' * * *

" * * * This particular provision, as affecting venue purposes under the general statute § 508.010(2), was interpreted and settled in the recent case of State ex rel. O'Keefe v. Brown, 361 Mo. 618, 235 S.W.2d 304. In that case a resident of Dallas County sued in Dade County to recover for injuries sustained by him in Vernon County in a three-car collision. He joined as defendants an individual residing in Gentry County, and Crown Coach Company, a Missouri corporation having its registered agent, registered office and principal place of business in Jasper County. One of the several counties in which Crown Coach operated its buses was Dade. The individual defendant sought prohibition on the ground that the general venue statute (what is now § 508.010) controlled, and that neither he nor Crown Coach Company (under what is now § 351.375, subd. 4) was a resident of the county in which the action was filed. His contentions were sustained, and prohibition issued. In reaching that result, the court disallowed the contention that for the purpose of venue the residence of Crown Coach Company was in any county in which it operated, saying, * * * that such 'is not the law as it is declared by the statutory and case law of this State.' On the contrary, it was expressly held that under the statute here involved (§ 351.375, subd. 4) the legal residence of Crown Coach Company was fixed by the location of its registered office and registered agent. This was the very crux of the case. The only difference between that case and this is that there the corporation was a domestic corporation and service upon it was undertaken under another statute. * * *

"Plainer language than that used to prescribe or fix the residence of a corporation 'for all purposes' could hardly be found. Certainly one purpose is that of venue under this statute. We are satisfied with the construction given the provision by the Brown case, and adhere to it, notwithstanding the fact that this will result in the anomaly of plaintiff being able to sue Continental alone in Jackson County, under § 508.040, but not jointly in that jurisdiction with the Andrew County resident. But she is not left without a forum in the event she elects to sue both. This may be done, as the statute directs, either in the City of St. Louis, the legal residence of Continental, or in Andrew County, where the individual defendant resides."

Respondent argues that neither the case of Maxwell v. De Long nor State ex rel. Whiteman v. James, supra, consider the section of the statutes in question as a whole, as does the McCormick case, but considers only one subdivision of it, and cannot be considered as opposing the law as declared in the McCormick case.

We believe that the De Long case, decided in the Federal Court, does not follow the reasoning in the McCormick case. However, we find that State ex rel. Whiteman v. James, supra, is not an authority for relator's contention. The facts and the holding of the court are not on the issue presented in the case at bar.

Relator urges that subsection (2) of § 508.010 RSMo 1949, V.A.M.S., has no application to the question presented at bar and that the cases relied upon by respondent are not applicable.

With this contention we do not agree. If there had been but two resident defendants who were not residents of the county

where plaintiff resided and one of such defendants had been served in the county of plaintiffs' residence where suit was filed, we would have the same question presented as in the case at bar. Subsection (2) provides "When there are several defendants, and they reside in different counties, the suit may be brought in any such county;". So if plaintiffs, residents of Pulaski County, had filed their action against the two resident defendants of Howell County and had served both defendants personally in Pulaski County, the court would have had jurisdiction under subsection (1), but if neither of such defendants had been found in Pulaski County, the venue of the action under subsection (2) would have been in Howell County.

State ex rel. Baker v. Goodman, 364 Mo. 1202, 274 S.W.2d 293 does not support relator's cause. The case is to be distinguished on the facts and issues involved.

It is further urged by relator that subsection (3) of § 508.010 fixes the exclusive venue in a civil action where there are, as in our case, "several defendants", some residents and some non-resident, in the county where one of the resident defendants resides and that the rule announced by the St. Louis Court of Appeals in State, to Use of McCormick v. McDougal, supra, has been overruled by implication. Relator relies on the opinion in Hankins v. Smarr, 345 Mo. 973, 137 S.W.2d 499, 500, to sustain this contention.

The issue in the Hankins case was whether the judgment, obtained by the defendant in Boone County against plaintiff and husband, was wholly void for lack of jurisdiction over the defendants, and, therefore, subject to collateral attack, in suit brought in Taney County to set aside a sheriff's deed based upon it.

The record shows that the defendants commenced their suit in Boone County to recover balance on a promissory note signed by plaintiff and husband. The original summons was issued to the sheriff of Gasconade

County commanding him to summon Ora Hankins and R. A. Hankins to appear in the Boone County Circuit Court. The summons was so served by the sheriff of Gasconade County and judgment by default was taken upon this service in Boone County and levy made upon the property in question in Taney County and the land sold.

On page 500 of 137 S.W.2d of the opinion the court recited subsection (1) of the venue statute, which provides: " 'Suits instituted by summons shall, except as otherwise provided by law, be brought: First, when the defendant is a resident of the state, either in the county within which the defendant resides, or in the county within which the plaintiff resides and the defendant may be found.' "

The court further stated that subsequent provisions of this section provide for bringing suit against several defendants who reside in different counties or against non-residents of this state or where a county is plaintiff. The court then set out the provisions of subsection (2) of the venue statute which provides:

" 'When there are several defendants residing in different counties, the plaintiff may, at his option, have a summons directed to "any sheriff in the state of Missouri," or have a separate summons directed to the sheriff of any county in which one or more defendants may be found.' This is the only provision for directing a summons to any sheriff other than the sheriff of the county in which a suit instituted by summons is commenced. Sec. 728, R.S.1929, Mo. St.Ann. § 728, p. 947 [V.A.M.S. § 506.150], providing methods of service of summons does not authorize service upon an individual defendant outside of the county in which the suit is commenced, but does so as to corporations not having an office. Reading these statutes and the venue statute together, do they not mean that it is essential to jurisdiction, to enter a personal judgment, for service of summons to be had

upon a defendant or defendants (except when defendants reside in different counties) in the county (where plaintiff resides and defendant is found or where defendant resides) in which the suit is begun? This court has expressly so held in Yates v. Casteel, 329 Mo. 1101, 49 S.W.2d 68, 70."

These authorities relied upon by relator do not in any way support his contention on the facts in the particular case. Each case must be considered upon the particular facts involved. In the above case, venue was not conferred upon the defendants by subsection (1). The action was on a promissory note, an action in personam. It was brought where the plaintiff lived but the defendant or defendants were not found in the jurisdiction of the county of plaintiff's residence and plaintiff attempted to get service on the defendants in another county. Under the venue statute, on these facts, the suit necessarily should have been brought in the county where the defendants resided. It does not hold or even intimate that subsection (3) of § 508.010 fixes exclusive venue in a civil action on facts as in the case at bar. It is not in conflict nor does it repeal by implication the opinion in the St. Louis Court of Appeals in State, to Use of McCormick v. McDougal, supra.

State ex rel. Minihan v. Aronson, 350 Mo. 309, 165 S.W.2d 404, relied on by relator, does not sustain his contention that subsection (3) of § 508.010 fixes the exclusive venue under the facts in the case at bar.

■ The general rule announced in this case is that unless a defendant is served with process, or summoned, in some manner authorized by statute law, the court is without authority to proceed. 50 C.J. Sec. 56, 72 C.J.S. Principal and Surety § 77, p. 559; State ex rel. Colonial Baking Co. v. Calvird, 338 Mo. 601, 92 S.W.2d 184. The court, 165 S.W.2d on page 407 [3–4] stated:

"* * * Our general service statute, Mo.R.S.A. § 880 [V.A.M.S. § 506.-150 note], applicable to an individual defendant or defendants, specifically prescribes the manner in which a summons shall be executed and a summons must be served as that statute requires 'except as otherwise provided by law.' And the latter clause has been held to mean exactly what it says, 'except as otherwise provided by law.' Yates v. Casteel, 329 Mo. 1101, 49 S.W.2d 68. * * *

"It is also generally true that a court's jurisdiction 'in personam is confined to persons within the territorial jurisdiction of the court' and 'it follows that service of process made beyond such limits is entirely ineffective to confer jurisdiction over the persons against or on whom it is so made.' * * *"

In the instant case subsection (1) provides that the action may be brought in the county of plaintiff's residence and where defendant may be found. Defendant was found within the jurisdiction of the court.

State ex rel. Reeves v. Brady, Mo.Sup., 303 S.W.2d 22, is relied upon by relator. An examination of the case shows that it is not in point. This action was brought in the Cape Girardeau Court of Common Pleas. Plaintiff joined a resident of Cape Girardeau County as defendant and two defendants who lived in Mississippi County, Missouri. The petition failed to state a joint cause of action in that the defendant living in Cape Girardeau County was not jointly liable under the facts pleaded with the defendants in Mississippi County. On page 25 of 303 S.W.2d of the opinion, the court stated:

"* * * We have also held that, when a suit is brought against defendants who are residents of different counties, in order for the circuit court of the county in which the suit is brought to have jurisdiction of the nonresident defendant, the petition must show liability to a joint action against them. * * * Of course, this can-

not be done if no cause of action is stated and, as said in State ex rel. Campbell v. James, Mo., 263 S.W.2d [402], loc. cit. 406, stating a cause of action against the resident defendant 'is a prerequisite to lawful joinder of a nonresident defendant in any suit.' * * * "

So, under the facts in this case, the authority does not support relator's contention.

We have examined the opinions in State v. James, supra, State ex rel. Henning v. Williams, 345 Mo. 22, 131 S.W.2d 561, and State ex rel. Standard Fire Ins. Co. of Hartford, Conn. v. Gantt, 274 Mo. 490, 203 S.W. 964, 967, and find that these authorities do not support relator's contention.

Following the construction placed upon the venue statute in question in State, to Use of McCormick v. McDougal, 16 Mo. App. 414, which opinion we have heretofore set out, and the law as stated in State ex rel. Bartlett v. McQueen, supra, 238 S.W.2d at page 395 [2–3], to-wit: " * * * Where an action is instituted in the county of plaintiff's residence against more than one defendant residing in another county or counties, the jurisdiction of the circuit court in which the action is instituted is limited to those defendants found and served with process in the county of plaintiff's residence. The word 'defendant' appearing near the close of clause (1) of Sec. 508.010, supra, must be construed to mean defendant in the collective sense.", and, as approved in State ex rel. Boll v. Weinstein, supra, we find that the trial court had jurisdiction of the defendant who was properly served when found in the county of plaintiffs' residence, under subsection (1) of § 508.010 RSMo 1949, V.A.M.S.

It follows here that our writ herein was improvidently issued and ought to be quashed. So ordered.

STONE, P. J., and RUARK, J., concur.