### STATE ex rel. MERCANTILE NATIONAL BANK AT DALLAS, Dallas, Texas, Relator,

v.

### James S. ROONEY, Judge of Division No. One of the Circuit Court of Clay County, Missouri, and Charles F. Curry & Company, a Corporation, Respondents.

#### No. 51547.

Supreme Court of Missouri, En Banc.

April 11, 1966.

Opinion Modified on Courts' Own Motion and Motion for Rehearing Denied May 9, 1966.

Arthur R. Kincaid, Hale, Coleberd, Kincaid & Waters, Liberty, for relator.

David R. Hardy, Frank P. Sebree, William W. Shinn, Mari W. Privette, Shook, Hardy, Ottman, Mitchell & Bacon, Kansas City, S. Preston Williams, Williams, Norton & Pollard, North Kansas City, for respondents.

STORCKMAN, Chief Justice.

This is an original proceeding in prohibition to prevent the respondent circuit judge from substituting the relator, a foreign executor, as the defendant in an action pending in Missouri at the time the original nonresident defendant died. The parties filed a stipulation of facts in which they agreed inter alia that all prior proceedings were incorporated by reference for the consideration of the court. From these sources we state the facts.

On December 30, 1960, Charles F. Curry & Company, herein sometimes referred to as Curry Company, filed in the Circuit Court of Clay County an action for damages in the aggregate amount of $212,250 against Wyatt C. Hedrick, a resident of the State of Texas. The suit was started by an attachment which was dissolved after

defendant Hedrick entered his general appearance on February 26, 1961. Plaintiff's petition sought damages for the conversion of an airplane which was alleged to have occurred in the State of Texas, damages for breach of warranty growing out of the defendant's sale of the airplane to the plaintiff, and punitive damages arising out of the alleged conversion.

The trial before a jury resulted in a verdict for the defendant on both counts submitted. The plaintiff Curry Company appealed to the Supreme Court which reversed the judgment and remanded the cause for a new trial. See Curry & Co. v. Hedrick, Mo., 378 S.W.2d 522. The plaintiff was awarded a new trial on all issues of Count I, its claim for damages for breach of warranty. The new trial on Count III was limited to the issue of damages only since the Supreme Court found that the evidence was sufficient to establish that the defendant was guilty of conversion as a matter of law.

The decision of the Supreme Court was rendered on May 1, 1964, and four days later, on May 5, 1964, the defendant Hedrick died while a resident of the State of Texas. The relator Mercantile National Bank at Dallas, Texas, also a resident of Texas, was appointed in Texas and under the authority of the laws of that State as the executor of the last will and testament of Mr. Hedrick. On November 13, 1964, the plaintiff Curry Company filed in the Circuit Court of Clay County its motion to substitute the executor Mercantile National Bank at Dallas as party defendant in the place of Mr. Hedrick and undertook to serve notice of the motion by publication in a newspaper of general circulation in Clay County, Missouri. On January 6, 1965, the executor, appearing specially, filed its motion to quash the pretended service by publication and to deny the plaintiff's motion for substitution. The matter was presented on the agreed statement of facts and thereafter on May 14, 1965, the respondent judge filed a notice that he would on June 10, 1965, enter an order substituting the executor Mercantile National Bank at Dallas as the party defendant and would overrule the motion of the executor to quash service of process on it. Thereupon, the executor as relator filed its petition for a writ of prohibition and this court issued its preliminary writ upon which the issues were joined.

The statement of facts in paragraph 7 states that the publication of the notice of the motion to substitute was "in all respects, in accordance with applicable legal provisions save for the contention of said executor that any service under the facts and circumstances is void and of no force and effect."

The relator asserts (1) the common-law rule is that an out-of-state legal representative cannot be substituted in the place of a deceased defendant; (2) in any event the substitution of a nonresident legal representative requires specific legislative authority and the Missouri statute does not so provide; (3) in the circumstances of this case a statutory enactment is not warranted and such a construction of existing statutes would violate provisions of the Constitution of the United States and of the State of Missouri; (4) statutes permitting such substitution are based on the police power of the state and other factors not present in this case; and (5) a judgment rendered in Missouri against the Texas executor would not be entitled to recognition in Texas.

The respondents contend that (1) Mr. Hedrick, by submitting to the jurisdiction of Missouri courts, bestowed on the state jurisdiction to conclude the litigation by substituting his nonresident executor as the party defendant; (2) Missouri statutes provide that the lawsuit can proceed to a conclusion by substituting the relator as defendant; and (3) relator's argument based on the common law and its speculation as to what a Texas court might do are irrelevant and its arguments about constitutionality and statutory construction should not

prevent this court holding that the relator may properly be substituted.

The statutes upon which the respondents chiefly rely are § 507.100, RSMo 1959, V.A. M.S., relating to substitution of parties upon death, incompetency, or transfer of interest, and § 506.160, relating to service by mail or publication. Supreme Court Rules 52.12 and 54.08 deal with substitution and publication respectively, and in substantially the same language the statutes employ. The respondents do not contend that the court rules are more favorable to them or that the power of state courts to acquire jurisdiction of a nonresident executor is not dependent on statutory enactment; therefore, we will limit our discussion to the statutory law. See Mennemeyer v. Hart, 359 Mo. 423, 221 S.W.2d 960, 963 [8, 9].

In the view we take of the case before us, the writ of prohibition must be made permanent because in any event statutory authority is necessary to substitute the foreign executor as the party defendant in the pending action and to acquire jurisdiction over such executor, and no such statutory authority exists. It will, therefore, be unnecessary to discuss the power of the state to enact valid statutes so providing and other questions not relevant to the determinative issues.

As previously indicated, this is an action for the recovery of a personal judgment and the Curry Company now seeks to substitute the relator in order to obtain a money judgment against the relator as executor of Mr. Hedrick's estate. Generally, a court's jurisdiction in personam is confined to persons within the territorial jurisdiction of the court and service of process beyond such limits is ineffective to confer jurisdiction over the person served. State ex rel. Minihan v. Aronson, 350 Mo. 309, 165 S.W.2d 404, 407[9].

Any change in the rule that service of process beyond the territorial jurisdic-tion of the court is ineffective to confer jurisdiction in personam over the person served is dependent on valid legislative action. State ex rel. Minihan v. Aronson, 350 Mo. 309, 165 S.W.2d 404, 407[10]; State ex rel. Kissinger v. Allison, Mo.App., 328 S.W.2d 952, 958[3]; State ex rel. Ballew v. Hawkins, Mo.App., 361 S.W.2d 852, 857[7]; State ex rel. Public Service Commission v. Thompson, Mo.App., 379 S.W.2d 824, 826; Restatement of the Law, Judgments §§ 22 and 23, pp. 103 and 109; Annotation: 78 A.L.R.2d 398, § 1; 72 C.J.S. Process §§ 25 and 54, pp. 1022 and 1067; 42 Am.Jur., Process § 52, p. 43.

The authorities relied on by the respondents fall short of demonstrating that the Circuit Court of Clay County is empowered to acquire jurisdiction over the executor of the estate of Wyatt C. Hedrick, deceased. The respondents contend the nonresident Hedrick in his lifetime had sufficient "contacts" with the State of Missouri to subject his executor to the jurisdiction of its courts under the "minimum contacts" rule declared by the United States Supreme Court. They say he consented to the litigation and participated in it over an extended period of time and assert this is sufficient basis for jurisdiction.

Typical of the cases cited on the question of "minimum contacts" are International Shoe Co. v. State of Washington, etc., 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95, and McGee v. International Life Insurance Company, 355 U.S. 220, 78 S.Ct. 199, 2 L. Ed.2d 223. Both of these cases involve the validity of service on a nonresident corporation under *specific provisions of a state statute* when the foreign corporation was not admitted or licensed to do business in the state. Both were original actions and the substitution of a "proper party" was not an issue. The International Shoe case involved the collection by suit of contributions to the state unemployment compensation fund. There was a *specific statute* of the State of Washington as well as a federal statute declaring that no person

would be relieved from making payments to a state unemployment fund on the ground that it was engaged in interstate commerce. The present Washington statute appears to be § 50.24.120 of the Revised Code of Washington Annotated, which makes the liability to suit depend upon the nonresident exercising "the privilege of having one or more individuals perform service for it within this state" and providing for service upon the secretary of state. The case held that the nonresident corporation was sufficiently *present* in the state to justify constructive service. In McGee v. International Life Insurance Company, a California statute specifically provided that certain acts by a nonadmitted foreign insurer would constitute an appointment by such insurer of the commissioner of insurance as its true and lawful attorney for the service of process. See §§ 1610–1618, West's Annotated California Codes, Vol. 42, Insurance. Among the acts *specifically mentioned* are the issuance or delivery of an insurance policy to residents of the state, the solicitation of applications and the collections of premiums. The McGee case holds that the state statute did not violate due process and that service of process pursuant thereto was sufficient to support the rendition of a personal judgment.

Mr. Hedrick's entry of appearance and participation in the litigation standing alone might be of doubtful value as a ground for asserting jurisdiction over his executor in view of § 14, Art. I, Constitution of Missouri 1945, V.A.M.S., which provides: "That the courts of justice shall be open to every person, and certain remedy afforded for every injury to person, property or character, * * *." This section has been held to mean that unreasonable and arbitrary burdens cannot be imposed on litigants in our courts whether they be residents or nonresidents. State ex rel. Kennedy v. Remmers, 340 Mo. 126, 101 S.W.2d 70, 74–75[11–13]; Collar v. Peninsular Gas Company, Mo., 295 S.W.2d 88, 90–93 [2–10]; Art. I, § 10, Constitution of Missouri. See also State ex rel. Southern Ry.

Co. v. Mayfield, 362 Mo. 101, 240 S.W.2d 106. However, we need not and do not make any ruling on this issue. We do not reach that question because this state has no legislative enactment purporting to provide that the sort of contacts relied on by the respondents would constitute grounds for acquiring jurisdiction over a nonresident such as was provided by law in International Shoe, McGee and other similar cases cited by the respondents.

One of two federal cases relied on by the respondents is Luster v. Martin, 7 Cir., 58 F.2d 537, a stockholder's suit which was pending in Wisconsin against the president of a corporation who was a resident of Missouri at the time he died. The court held the action was properly revived against the Missouri executor of the president and the District Court of Wisconsin acquired jurisdiction of the executor under 28 U.S.C.A. § 778. This federal statute expressly provided that when a party to a suit in any United States court dies before final judgment the executor or administrator of the deceased party may prosecute or defend such suit to final judgment, but the statute further provided that scire facias could be issued to the executor or administrator and served *in any judicial district* by the marshal thereof. Missouri has no such statute and, unlike the federal system, Missouri courts ordinarily have no jurisdiction beyond the territorial limits of the state.

The same is true in legal effect as to Iovino v. Waterson, 2 Cir., 274 F.2d 41, pp. 44–45, 79 A.L.R.2d 519, also cited and relied on by the respondents, wherein it is stated:

"Federal Rule 25(a) (1), which we quote in the margin, carried forward 28 U.S.C.A. § 778, including the 1921 amendment permitting revivor by or against foreign administrators or executors. Although the simple phrase used in the Rule, 'substitution of the proper parties,' might not alone have sufficed to evidence that intent, the retention of

the 1921 provision for service 'in any judicial district' and the note of the Advisory Committee make it plain that the purpose was to include the 1921 amendment for revivor by or against foreign personal representatives, 4 Moore, Federal Practice ¶ 25.05, at 518 (2d ed. 1950).

"The final chapter in this history is the repeal of 28 U.S.C.A. § 778 by the Revision Act of 1948, 62 Stat. 993. However, since this repeal was for the stated reason that § 778 was 'Superseded by Rules 25 and 81 of the Federal Rules of Civil Procedure,' H.R.Rep.No. 308, 80th Cong., 1st Sess., Rule 25(a) (1) must still be construed to include foreign administrators and executors, 4 Moore, Federal Practice ¶ 25.05, at 518."

There are also well-recognized differences between the jurisdictional capabilities of the federal and state courts. See 42 Am.Jur., Process § 54, p. 45. The respondents have not cited any case in which jurisdiction was acquired of a nonresident without some semblance of legislative authorization.

The relator cites Restatement of the Law, Conflict of Laws, § 512, which states that: "No action can be maintained against any administrator outside the state of his appointment upon a claim against the estate of the decedent." The American Law Institute is in process of revising this first edition and preparing the Second Restatement of Conflict of Laws. Tentative Draft No. 11 issued April 23, 1965, although not necessarily in final form, restates § 512 in a way which we deem to be in keeping with the present state of the law in this state. The pertinent portions of Tentative Draft No. 11 are:

§ 512. Suit Against Foreign Executor or Administrator.

"An action may be maintained against an executor or administrator outside the state of his appointment upon a claim against the decedent *when the local law* *of the forum authorizes suit* in the state against the executor or administrator and

"(a) suit could have been maintained within the state against the decedent during his lifetime because of *the existence of one or more bases of jurisdiction,* other than mere physical presence (see §§ —— — ——), or

\* \* \* \* \* \*

*"Comment:*

\* \* \* \* \* \*

*"b. Necessity of statute.* The courts have not entertained suit against a foreign executor or administrator except when authorized to do so by statute. This is not because the state in question necessarily lacked judicial jurisdiction to have the case tried in its courts (see Comment *c*). This is because the courts have deemed themselves incompetent to entertain the suit *in the absence of statute* (see § ——). So a statute, as a nonresident motorist statute, which would have authorized suit in the state against the decedent during his lifetime will not without more be held to authorize suit against a foreign executor or administrator after the decedent's death. *It is* *necessary that the statute authorize suit against the foreign executor or administrator.* This reluctance of the courts to find themselves authorized to entertain suit against a foreign executor or administrator stems from the fact that an executor or administrator holds the assets of the decedent which comes into his possession subject to the direction of the court which appointed him." Italics added.

An application in this state of the foregoing statement is demonstrated by the cases of Harris v. Bates, 364 Mo. 1023, 270 S.W.2d 763, and State ex rel. Sullivan v. Cross, Mo., 314 S.W.2d 889. In Harris the first Nonresident Motorist Act was held to violate constitutional limitations and in Cross the Act after appropriate amendments was held to be valid.

The "bases of jurisdiction" referred to in tentative § 512 above are quite well outlined in Restatement of the Law, Judgments, §§ 22 and 23 as follows:

§ 22. Jurisdiction over One Who Carries on Business in a State.

"A court by proper service of process may acquire jurisdiction over an individual not domiciled within the State who carries on a business in the State, as to causes of action arising out of the business done in the State, *if a statute of the State so provides at the time when the cause of action arises.*" Italics added.

§ 23. Jurisdiction over One Who Does Acts or Owns Things in a State.

"A court by proper service of process may acquire jurisdiction over an individual not domiciled within the State who does acts or owns things in a State which are of a sort dangerous to life or property, as to causes of action arising out of such acts or such ownership, *if a statute of the State so provides at the time when the cause of action arises.*" Italics added.

It will be noted that both §§ 22 and 23 impose the condition that a statute of the state be in existence at the time the cause of action arises.

In support of the proposition that under the common law an out-of-state representative could not be substituted in the place of a deceased defendant, the relator also cites Rentschler v. Jamison, 6 Mo.App. 135, In re Thompson's Estate, 339 Mo. 410, 97 S.W.2d 93, 1 Am.Jur.2d, Abatement, Survival, and Revival § 124, p. 137, and Annotation—Jurisdiction Over Foreign Executor, 77 A.L.R. 252. These authorities generally support the proposition that in an action in personam when a nonresident defendant dies his foreign executor or administrator cannot be substituted for the decedent. To the same effect is Hill v. Barton, 194 Mo.App. 325, 188 S.W. 1105. We need not undertake to determine in this case the present-day efficacy of these Missouri decisions because they do not bear directly on the necessity of specific statutes providing for jurisdiction over nonresidents.

█ The statutes relied on by the respondents relating to the substitution of a foreign executor or administrator for a deceased defendant in an action in personam and statutes providing for service of process by publication in such cases must be construed so as to effectuate their true effect and meaning as disclosed, in part at least, by the objectives of the legislation. Harris v. Bates, 364 Mo. 1023, 270 S.W.2d 763; In re Duren, 355 Mo. 1222, 200 S.W.2d 343, 352[8], 170 A.L.R. 391; Section 1.010, RS Mo 1959, V.A.M.S.

The pertinent portion of substitution statute, § 507.100 subd. 1(1), provides that: "If a party dies and the claim is not thereby extinguished, the court shall on motion order substitution of the proper parties. The motion for substitution may be made by the successors or representatives of the deceased party or by any party and, together with the notice of the hearing, shall be served on the parties as provided in section 506.100, RSMo, and upon persons not parties in the manner provided for the service of a summons." The survival statute, § 537.010, provides that for all wrongs done to the property rights or interests of another, an action may be brought "against such wrongdoer, and, after his death, against his executor or administrator, in the same manner and with like effect, in all respects, as actions founded upon contract." It, therefore, appears that an executor or administrator is a "proper party" to be substituted for a deceased defendant; however, the question remains whether a nonresident executor or administrator of a nonresident defendant is within the purview of the relevant statutes.

Neither § 507.100 nor any other applicable statute expressly provides that a "proper party" shall include a nonresident executor or administrator. The language of § 507.-

100 subd. 1(3) tends to show a contrary or limited intention in that it requires the substitution to be made within nine months after the publication of the first notice of letters testamentary or of administration which is the same period of time now required for filing claims in probate court as provided by §§ 473.360 and 473.363, the latter relating directly to substitution in pending cases. The time for substitution has always been geared to the time allowed for filing probate claims in Missouri. See Laws 1943, p. 364, § 22(a)

(3). If the intent were to include foreign executors, it would seem the language used would be such as to permit compliance with the limitation periods for claims in other states. The history of § 506.210, relating to nonresident motorists, is indicative of the specificity deemed necessary to make a statute applicable to nonresident executors and administrators. In Harris v. Bates, 364 Mo. 1023, 270 S.W.2d 763, 767[6–8], 769[11, 12], the first statute was held to be deficient and unconstitutional. After corrective legislation the Act was held to be a valid exercise of the police power in State ex rel. Sullivan v. Cross, Mo., 314 S.W.2d 889. While the Cross case dealt with a different category, the holding requiring specific legislative provisions is applicable to the case at bar. See Annotations: 2 L.Ed.2d 1667, § 3[b], and 94 L.Ed. 1173. Section 507.100 and related statutes do not express a legislative intent to bring foreign executors and administrators within the scope of their operation.

Furthermore, § 507.100 is not complete within itself since it provides that the motion for substitution and notice of the hearing shall be served "upon persons not parties in the manner provided for the service of a summons." The Texas executor could not be served in the state and notice was given by publication in a newspaper of general circulation pursuant to § 506.160, RSMo 1959, V.A.M.S. The respondents do not purport to rely upon a special statute providing specific contacts or circumstances deemed to be a sufficient basis for acquiring jurisdiction over nonresidents. Section 506.160 is the general publication statute and provides for limited instances in which service by mail or publication may be used; it reads as follows: "1. Service by mail or by publication shall be allowed in all cases affecting a fund, will, trust estate, specific property, or any interest therein, or any res or status within the jurisdiction of the court, or in any special proceedings in which notice by mail or by publication is authorized, including but not limited to actions to quiet title and actions to ascertain and determine title to real estate. If the defendant so served does not appear, judgment may be rendered affecting said property, res or statuts within the jurisdiction of the court as to said defendant, but such service shall not warrant a general judgment against such defendant." Section 506.160 does not authorize service by publication on the nonresident executor in this case. In fact there is an express prohibition against the rendition of a general judgment on this kind of service. The attempt by Curry Company to serve the foreign executor by publication under § 506.160 was without legal force or effect.

■ The respondents speak of the "judgment" of the Supreme Court as if the decision rendered by this court on appeal gave the case on remand a greater stature than a pending case within the purview of § 507.100. The order and mandate of this court was that the judgment for the defendant be "reversed and the cause remanded for new trial as to Count I and for new trial on the issue of damages alone under Count III." Curry & Co. v. Hedrick, Mo., 378 S.W.2d 522, 537. Generally, the law as applied to the facts in the opinion of the appellate court constitutes the law of the case on retrial and subsequent appeals unless there is a substantial change in the issues or evidence. Feinstein v. McGuire, Mo., 312 S.W.2d 20; Venditti v. St. Louis Public Service Co., 362 Mo. 339, 240 S.W.2d 921; McNatt v. Wabash Ry.

Co., 341 Mo. 516, 108 S.W.2d 33. For instance the issue of punitive damages might not have been available to the plaintiff on retrial since the general rule is that punitive damages cannot be allowed where the defendant dies before trial and before the right becomes vested. 25 C.J.S. Damages § 125(3), p. 1153; 1 Am.Jur.2d, Abatement, Survival, and Revival, § 59, p. 93. It is obvious that a final judgment has not been rendered in the sense that it is entitled to full faith and credit and that the litigation has been terminated. The fact that the law of the case has been established as to some of the issues presents a strong argument for legislation if constitutional limitations permit, but it has no bearing on our present problem. Issues remain to be tried, but the substitution of the foreign executor cannot be attained under existing statutes within the proper limits of the judicial function.

The situation in this case is quite well-summed up by this statement from an annotation entitled, "Nonresident—Tort—Jurisdiction", in 78 A.L.R.2d pp. 398–399: "Attention is called to the fact that, assuming that the question of power is answered in the affirmative, a court may yet be precluded from acquiring jurisdiction to render a personal judgment against the nonresident on grounds not discussed in the present annotation, for instance, *because statutory authority to exercise such jurisdiction or for service of process is lacking, or because the state has failed to adopt a reasonable method of notification.*" Emphasis supplied.

 The courts have no proper jurisdiction to accommodate the law of Missouri to the apparent equities of a particular case. As we said before by reference in Harris v. Bates, 364 Mo. 1023, 270 S.W.2d 763, at page 768, the court cannot supply that which the legislature has, either deliberately, or inadvertently, or through lack of foresight, omitted from the controlling statutes. In a Caveat to § 23, the Restatement of the Law of Judgments states: "The

Institute expresses no opinion on the question whether the rule stated in this Section may be extended to cover acts or things not dangerous to life or property." See also Hanson v. Denckla, 357 U.S. 235, 78 S.Ct. 1228, 1238, 2 L.Ed.2d 1283. Likewise this court can express no opinion on that subject until it is presented under a statute extended to cover the substitution of a foreign executor or administrator in a pending case and providing adequately for service of process.

The preliminary rule in prohibition is made absolute.

HENLEY, EAGER and DONNELLY, JJ., concur.

FINCH, J., concurs in separate concurring opinion filed.

HYDE, J., concurs and concurs in concurring opinion of FINCH, J.

HOLMAN, J., dissents in dissenting opinion filed.

FINCH, Judge (concurring).

I reluctantly concur in the opinion of Chief Justice Storckman. I do so because I have concluded that we cannot rule otherwise in the absence of sufficient statutory authorization to substitute the nonresident executor of Wyatt C. Hedrick.

This case has been in the Missouri courts since 1961. The liability of deceased defendant as to the conversion covered by Count III was settled by our opinion reported at Mo., 378 S.W.2d 522. Only the amount of damages remained to be settled in the trial on remand. It makes little sense to be compelled to say to the parties that the death of the nonresident defendant nullified all of these efforts and that this litigation cannot be carried on to completion in the Missouri courts. Yet that is what we must do for the reasons given by Judge Storckman. The need for remedial legislation is evident.

In examining this question in an effort to find some basis on which this case could

proceed in our courts, I reviewed the cases wherein a judgment nunc pro tunc is entered subsequent to the death of a defendant. This has been done where there has been a trial and a jury verdict but no judgment has been entered at the time of defendant's death.[1] It also has been done where a case has been tried without a jury and is under submission but without a decision or judgment at the time of defendant's death.[2] In those instances it has been stated that the cause is ripe for judgment and the court has proceeded to enter judgment nunc pro tunc as of the date of the jury verdict or the date of submission of the court tried case. The judgment then is treated as though it in fact had been entered prior to the death of the defendant. I have concluded that we cannot extend that procedure to this case. In the instances mentioned the trial had been completed and nothing remained for the parties to do prior to judgment. Such is not the case here. A full fledged trial on the issue of damages remains and this necessitates the presence of the parties in the litigation to present their side of the case. A substitution of parties is required. For this reason, I have concluded that the nunc pro tunc procedure is unavailable. Only by virtue of sufficiently specific enabling legislation may this substitution be made.

HOLMAN, Judge (dissenting).

I respectfully dissent from the principal opinion in this case. As I understand the issues there is no contention that the method used in obtaining service on relator was illegal. In that connection relator's counsel stated at the time of oral argument that no question of service is involved in this proceeding but that the question for decision is, in effect, whether a Missouri court has jurisdiction to order substitution of relator in view of the constitutional provisions he contends should be applied (Article IV, §§ 1 and 2, and the Fourteenth Amendment, § 1, of the Constitution of the United States, and Article I, § 10, Constitution of Missouri 1945).

It is provided in Civil Rule 52.12(a) that if a party dies "the court shall on motion order substitution of the proper parties." I think our decision as to whether relator is a proper party to be substituted in the Curry case should depend on the precise factual situation here presented. In considering that question we should consider the fact that deceased saw fit to enter his appearance in the Curry suit and in so doing obtained the release of his attached property; that deceased defended the Missouri action in both the Circuit and Supreme Court, and that in this court a final judgment was entered against said defendant on the question of liability under Count III and the case was remanded for further trial proceedings.

I think the activities of deceased in the Curry case were a sufficient contact with Missouri and its courts that the continuation of the suit against his executor would not offend "traditional notions of fair play and substantial justice." International Shoe Co. v. State of Washington, etc., 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95. See also McGee v. International Life Ins. Co., 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed. 2d 223. Moreover, it is reasonable to say that when deceased entered his appearance in the case and litigated to the extent heretofore indicated he is deemed to have consented that his executor be subject to the jurisdiction of the court the same as he was. See Iovino v. Waterson, 274 F.2d 41, 79 A.L.R.2d 519 (2d Cir.). I also have the view that since one important phase of the case had been finally adjudicated prior to the death of defendant his executor (whether resident or nonresident) should be bound by that judgment, and the only reasonable method of procedure in that event is to

1. 30A Am.Jur., Judgments, § 79, p. 219.

2. Clark v. Mississippi Valley Trust Co., 357 Mo. 785, 211 S.W.2d 10; 30A Am.Jur.,

Judgments, §§ 82–90, pp. 220–224; Annotation 3 A.L.R. 1408; Annotation 68 A.L.R. 264.

substitute the executor as the defendant and conclude all issues in the case. See Restatement, Conflict of Laws, § 517.

Summarizing, I would hold that the substitution of relator for the deceased defendant in the Curry case is authorized by Civil Rule 52.12, and that relator is a "proper party" for substitution under the provisions of that rule; that the rule, when so construed, does not deny due process nor violate any of the other constitutional safeguards mentioned; and that the court has jurisdiction to order substitution of relator and that such an order will not offend "traditional notions of fair play and substantial justice."